594 So.2d 1170 (1992)
MANTACHIE NATURAL GAS DISTRICT, a Political Subdivision of the State of Mississippi
v.
MISSISSIPPI VALLEY GAS COMPANY.
No. 89-CA-0162.
Supreme Court of Mississippi.
February 19, 1992.
Sharion H. Richardson, Fulton, Ben M. Logan, Soper & Dent, Tupelo, for appellant.
Roger Googe, Gerald & Brand, Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and PITTMAN, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Mantachie Natural Gas District (Mantachie) has appealed from a judgment of the Chancery Court of Lee County, Mississippi, in favor of Mississippi Valley Gas Company (MVG) holding that it held a valid certificate of public convenience and necessity to serve an area in controversy between the parties. The effect of the summary judgment was to stop Mantachie from extending its service into the "area in conflict".

THE CASE
The real question is whether or not the lower court erred in granting summary judgment, and the appellant presents the following issues for discussion and decision:
I. DID THE LEGISLATURE GRANT UNTO THE APPELLANT AN EXCLUSIVE RIGHT TO DISTRIBUTE NATURAL GAS WITHIN ITS STATUTORILY DEFINED BOUNDARY?
II. DID THE PUBLIC SERVICE COMMISSION HAVE THE AUTHORITY TO SUBSEQUENTLY CERTIFY TO ANOTHER ENTITY THE RIGHT TO DISTRIBUTE GAS WITHIN THE APPELLANT'S STATUTORY BOUNDARY?

III. IS THE PUBLIC SERVICE COMMISSION COMPARABLE TO A COURT OF LAW WITH RESPECT TO SUBJECT MATTER JURISDICTION FOR PURPOSES OF ADDRESSING *1171 WHETHER OR NOT THE MANTACHIE NATURAL GAS DISTRICT COULD WAIVE OR CONCEDE SUBJECT MATTER JURISDICTION?

The Mantachie Natural Gas District is a political subdivision of the State of Mississippi created by the legislature in 1966.[1] On January 9, 1967, Mantachie filed its application with the Public Service Commission seeking a certificate of public convenience and necessity to construct, operate and maintain a gas transmission and distribution system in a specified area in the western part of Itawamba County and certain areas in the eastern part of Lee County. As required by statute, Mantachie petitioned the Commission for a certificate to serve an area greater than that provided by the legislature in its creation of the District. On February 6, 1967, MVG filed a Protest and Motion to Intervene on the basis that part of the area which Mantachie sought to have certified was an area that conflicted with the service area certificated to MVG.
On March 8, 1967, MVG filed an application with the Public Service Commission (PSC) for a certificate of public convenience and necessity to extend the limits of its certificated area in Lee County. MVG's petition included the area in conflict. On March 31, 1967, Mantachie filed an amendment to the petition that it had previously filed with the PSC, which did not include the area in conflict. On April 4, 1967, the Commission granted MVG a final certificate to serve the area requested including the area in conflict. On September 12, 1967, the commission affirmed by final order Mantachie's petition as amended. The area addressed in the order did not include the area in controversy but did include other areas in addition to the area allowed by legislative mandate.
The geographic area of Mantachie's district as set forth in Section 1 of Chapter 309, Laws of 1966, follows:
(1) All that part of Itawamba County, Mississippi, lying west of the Tombigbee River;
(2) That portion of Lee County lying within one-half (1/2) mile on either side of the center line of State Highway 363, extending a distance of five (5) five miles west from the county line dividing Itawamba and Lee Counties;
(3) That portion of Lee County lying within one-half (1/2) mile on either side of the center line of U.S. Highway 78, extending a distance of five (5) miles west from the county line dividing Itawamba and Lee Counties, and the unincorporated community of Mooreville in Lee County; and
(4) That portion of Lee County lying within one-half (1/2) mile on either side of the center line of State Highway 371 (being the highway from Mantachie to Mooreville), extending a distance of five (5) miles southwest from the county line dividing Itawamba and Lee Counties.
(The area described in Section (1) above is not in question or dispute in this appeal.)
The "area in conflict" referred to by the parties is that area lying within both the geographic boundary of the Mantachie district or within one mile thereof as prescribed under Chapter 309, Law of 1966, and the area certificated to MVG by the PFC as follows:
In Lee County, Mississippi, that portion of Section 25, Township 9 South, Range 6 East lying within one-half mile of the center line of U.S. Highway 78 and that *1172 portion of Section 36, Township 9 South, Range 6 East lying within one-half mile of the center line of U.S. Highway 78, the centerline of said highway being essentially coincident with the boundary common to Sections 25 and 36 together with those parts of Sections 23, 24, 25, 26, 35 and 36 in Township 9 South, Range 6 East in Sections 1 and 2 in Township 10 South, Range 6 East within one mile of the aforedescribed portions of Sections 36 and 25.
Neither Mantachie nor MVG attempted to render service to the people residing within the area in conflict for over nineteen (19) years. During that period of time, there was no apparent trouble between the two parties. Finally, Mantachie secured funding and began to lay natural gas transmission lines. Thereupon, MVG filed a complaint against Mantachie in 1987, claiming that MVG had the exclusive right to distribute gas to the residents of that area and sought a declaratory judgment and injunctive relief.

DISCUSSION
Mantachie claims (1) that because the legislature created the Mantachie Natural Gas District prior to the Public Service Commission's certification of MVG, in the disputed area here, Mantachie should prevail; and that (2) the legislative declaration was tantamount to a certificate of public convenience and necessity.
The legislature specified Mantachie has the operative gas system to the lands designated in the statute to the exclusion of other operators, including those subsequently certificated by the PSC. The principle expressed in Southwest Drug Co. v. Howard Bros. Pharmacy of Jackson, Inc., 320 So.2d 776, 779 (Miss. 1975) applies. See also Capital Elec. Power Ass'n v. City of Canton, 274 So.2d 665 (Miss. 1973).
The principle question now arises as to whether or not the lower court was in error by granting a summary judgment because there was no genuine issue of material fact. The Mississippi Rules of Civil Procedure, Rule 56, provides for summary judgment when there is no such issue and it was so expressed in Brown v. Credit Center, Inc., 444 So.2d 358 (Miss. 1983). In Brown, the Court said:
[a] motion for summary judgment lies only where there is no genuine issue of material fact; summary judgment is not a substitute for the trial of disputed fact issues. Accordingly, the court cannot try issues of fact on a Rule 56 motion; it may only determine whether there are issues to be tried.
Id. at 362.
The standard for reviewing the granting or the denying of summary judgment is the same standard as is employed by the trial court under Rule 56(c). This Court conducts de novo review of orders granting or denying summary judgment and looks at all
the evidentiary matters before it  admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. That is, the non-movant would be given the benefit of the doubt.
Clark v. Moore Memorial United Methodist Church, 538 So.2d 760, 762 (Miss. 1989) (citing Short v. Columbus Rubber & Gasket Co., Inc., 535 So.2d 61 (Miss. 1988)). See also Fruchter v. Lynch Oil Co., 522 So.2d 195, 198 (Miss. 1988); Smith v. Sanders, 485 So.2d 1051, 1054 (Miss. 1986); Dennis v. Searle, 457 So.2d 941, 944 (Miss. 1984); Pearl River County Bd. of Supervisors v. South East Collections Agency, Inc., 459 So.2d 783, 785 (Miss. 1984).
In Mink v. Andrew Jackson Casualty Ins. Co., 537 So.2d 431, 433 (Miss. 1988) *1173 (citing Ratliff v. Ratliff, 500 So.2d 981, 981 (Miss. 1986)), the Court said:
[a]ll motions for summary judgment should be viewed with great skepticism and if the trial court is to err, it is better to err on the side of denying the motion. When doubt exists whether there is a fact issue, the non-moving party gets its benefit. Indeed, the party against whom the summary judgment is sought should be given the benefit of every reasonable doubt.
Id. at 433.
The legislature created Mantachie and assigned it a portion of Lee County to service. Less than a year later, the PSC granted MVG a certificate to serve the same area. Thus, an issue of fact is present, which is sufficient to warrant a full evidentiary development.
We are of the opinion that the lower court was manifestly wrong in granting summary judgment without allowing the parties to present all of the evidence and fulfill the evidentiary process in the trial below. The case must be reversed and remanded for a full trial.
In view of the decision above, it will not be necessary to address the other stated issues two and three.
REVERSED AND REMANDED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
NOTES
[1] 1966 Miss. Laws 309 § 3 provides that

[i]t is hereby found and declared that the object and purpose of creating said District is to provide natural gas service to the residents of the aforesaid areas and provide ways and means to carry out and accomplish said purpose, thereby benefiting and making more valuable the lands in said District and preserving and promoting the health, safety, and convenience of the residents thereof. In order to carryout and render effective said object and purpose the Courts of this state shall construe this act as an exercise by the legislature of all the power appertaining to it, necessary for the benefit of the health, safety and convenience of the residents of the District and the necessity of the public interest of the state at large for the provisions herein enacted is hereby declared as a matter of legislative determination.