# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 94-CA-00988-SCT

*TOMMY LEE RUSSELL*

*v.*

*S.C. PERKINS, JR.*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/23/94 |
| TRIAL JUDGE: | HON. EUGENE M. BOGEN |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | FRED M. WITTY |
| ATTORNEY FOR APPELLEE: | PAUL MATHIS, JR. |
| NATURE OF THE CASE: | CIVIL - TORTS (OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE) |
| DISPOSITION: | REVERSED AND REMANDED - 5/15/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/5/97 |

**BEFORE PRATHER, P.J., ROBERTS AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

Tommy Lee Russell filed suit in the Circuit Court of Leflore County on May 8, 1992, against the City of Greenwood and S.C. Perkins, Jr., alleging that Officer Perkins willfully, wantonly and with reckless disregard for Russell's rights committed the intentional torts of battery and false imprisonment against Russell. On June 16, 1994, the defendant entered a motion for summary judgment under M.R.C.P. 56. The trial court, finding the city immune from any liability under sovereign immunity and Perkins entitled to qualified immunity, granted summary judgment.

## ISSUES

**Did the lower court err in awarding summary judgment to Officer Perkins on the ground of qualified immunity?**

**Did the lower court err in granting summary judgment without notice and without a hearing, as required by Rule 56(c) of the Rules of Civil Procedure?**

## FACTS

On May 11, 1991, Officer Perkins arrested Tommy Lee Russell and charged him with public drunk. However, the events leading up to the arrest are subject to the vagaries of the memories of four different individuals. Russell testified in a sworn deposition that the events occurred as follows. Russell asserts that around 10:00 a.m. he purchased two cans of beer. Around 5:00 p.m., after drinking one of the beers, he went to visit his "friend," Gloria Baker. She disapproved of Russell being in her house with the second beer. Baker left the house, went outside, and found two policemen. The police returned to Baker's home and arrested Russell. According to Russell's deposition;

> when he was putting the handcuffs on me, he stuck his fingernails like over in my wrists, like, and proceeded to take me on the outside. But when he got me on the outside, when he opened the door, he took the side of my head and slammed it up against the side of the roof of the car, and it hurt me so bad, and when I kneeled, you know, squatted down like, he hit me with a little old black strap right there in my eye.

Russell continues to assert that he at no time resisted the officers in any way.

Officer Rose assisted Officer Perkins in arresting Russell. In his deposition, he stated that Gloria Baker flagged down the passing officers and asked them to help her remove a man from her house. The officers entered Baker's home and observed Russell "bobbling up and down and talking loud inside the house." In addition, Rose testified that at all times Russell slurred his words, staggered, acted intoxicated, and smelled of alcohol. They then asked Russell to leave the house. Russell used foul language and refused to leave. Russell then went outside, but again refused to leave the premises. According to Rose, Perkins at no time struck or in any way abused Russell.

Russell claims that he received injuries as a result of Perkins' actions. However, other than testimony to this effect, the only proof presented by Russell of such injuries was a receipt from a consultation with a doctor. No documentary proof such as medical reports or statements were presented.

## LAW

### Standard of Review - Summary Judgment

This Court's standard of review for summary judgments is well established. As seen in *Mantachie Nat. Gas Dist. v. Miss. Valley Gas Co.*, 594 So. 2d 1170, 1172 (Miss. 1992):

> This Court conducts de novo review of orders granting or denying summary judgment and looks at all the evidentiary matters before it--admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version

of the matter in issue and another says the opposite. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. That is, the non-movant would be given the benefit of the doubt.

*Mantachie Nat. Gas*, 594 So. 2d at 1172 (citations omitted).

> If there is doubt as to whether or not a fact issue exists, it should be resolved in favor of the non-moving party. That is, it is better to err on the side of denying a motion for summary judgment if a doubt exists as to whether a genuine issue of fact exists.

*Ratliff v. Ratliff*, 500 So. 2d 981, 981 (Miss. 1986). "If any triable issues of fact exist, the lower court's decision to grant summary judgment will be reversed. Otherwise, the decision is affirmed." *Brown v. Credit Center, Inc.*, 444 So. 2d 358, 362 (Miss. 1983).

In *Evans v. Trader*, 614 So. 2d 955, 957 (Miss. 1993), this Court addressed the issue of summary judgment in sovereign immunity cases in a case similar to the case *sub judice*. As stated in *Evans*;

> Under Mississippi common law, an officer of the state enjoys only a limited immunity from tort liability. An officer has;

> no immunity to a civil action for damages if his breach of a legal duty causes injury and (1) that duty is ministerial in nature, or (2) that duty involves the use of discretion and the governmental actor greatly or substantially exceeds his authority and in the course thereof causes harm, or (3) *the governmental actor commits an intentional tort.* Beyond that, a government official has no immunity when sued upon a tort that has nothing to do with his official position or decision-making function and has been committed outside the course and scope of his office.

> *Barrett v. Miller,* 599 So. 2d 559, 567 (Miss. 1992); *McFadden v. State,* 580 So. 2d 1210 (Miss. 1991); *Starnes v. City of Vardaman*, 580 So. 2d 733, 737 (Miss. 1990).

*Evans*, 614 So. 2d at 957. In the case *sub judice*, if Officer Perkins committed an intentional tort, he has no immunity to this civil action. Therefore, the sole issue in determining the validity of this summary judgment is whether as a matter of law were the actions of Officer Perkins an intentional tort.

In *Evans*, the plaintiff asserted that the police officer committed certain acts of aggression while arresting Evans resulting in the infliction of a hairline fracture to Evans' second cervical vertebra. *Id.* at 955. The defendant police officer moved for summary judgment which was granted by Judge Bogen. *Id.* This Court reversed the granting of summary judgment stating that "questions of material facts exists concerning whether [the officer] 'greatly or substantially exceeded his authority' when performing the arrest and concerning whether his injury resulted from an intentional tort on Trader's part." *Id.*

In the case *sub judice*, this Court is unfortunately restrained by *Evans*. As stated in *Evans*, "[w]hen considering a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party and give the non-movant the benefit of the doubt." *Evans*, 614 So. 2d at 958. *See Sherrod v. United States Fidelity & Guar. Co.*, 518 So. 2d 640, 642 (Miss. 1987); *McMullan v. Geosouthern Energy Corp.*, 556 So. 2d 1033, 1036 (Miss. 1990); *Brown v.*

*Credit Center, Inc.*, 444 So. 2d 358, 362 (Miss 1985).

As the trial court did below, this Court must also review all pleadings de novo and assume all facts as stated by Russell to be true. Assuming that Officer Perkins did attach the handcuffs too tightly, dig his fingernails deeply into Russell's arm, bang Russell's head against the top of the squad car, and hit Russell in the face with a leather-strap, this Court must ask "whether the act was necessary for law enforcement purposes or whether the force employed was so excessive as to tear away the shield of qualified immunity." *Evans*, 614 So. 2d at 958.

Furthermore, Russell "need not show that [Perkins] entertained a specific intent to injure him. It would suffice to show that [Perkins] acted with wanton and reckless disregard for [Russell's] safety." *Id. See also McFadden v. State*, 542 So. 2d 871, 881 (Miss. 1989) (qualified immunity does not extend to acts committed with gross neglect or reckless indifference to plaintiff's well-being). *McFadden* would even go beyond the requirements of *Evans* and require that it be "clear beyond a reasonable doubt that [the plaintiff] can prove no set of facts in support of his claim . . ." prior to granting a 12(b)(6) motion. *McFadden*, 545 So. 2d at 881. However, "we realize, of course, that law enforcement officials are due the benefit of the doubt in cases where degrees of force are at issue." *Evans*, 614 So. 2d at 958.

The facts of the case *sub judice* are very similar to those of *Evans*. Therefore, as in *Evans*, "we can hardly say as a matter of law that [Perkins] did not engage in conduct which rose to the level of gross negligence or reckless indifference to [Russell's] well-being." *Id.* With great reluctance, this Court must reverse and remand this tawdry affair for further proceedings on the issue of whether Perkins acted with wanton and reckless disregard for Russell's safety thereby denying Perkins the defense of qualified immunity.

**Did the lower court err in granting summary judgment without notice and without a hearing, as required by Rule 56(c) of the Rules of Civil Procedure?**

Perkins filed a motion for summary judgment pursuant to the June 6, 1994, in chambers conference where according to Perkins "much discussion was had concerning the status of this case and the party litigants' desire to file cross-dispositive motions." On June 16, 1994, Perkins filed his motion for summary judgment. A certificate of service upon Russell's attorney was attached to this motion. Russell asserts that the trial court should have required Perkins to give Russell additional notice and a hearing should have been held prior to the entry of summary judgment against Russell. Perkins asserts that the June 6 conference was sufficient notice and hearing to meet any potential requirements of M.R.C.P. 56(c). Furthermore, Perkins asserts that M.R.C.P. 56(c) does not require that a hearing be held. Since this Court must reverse and remand this case for further proceedings, this issue is moot. Therefore, this Court will not at this time address this issue.

## CONCLUSION

Under the current liberal standard of review guaranteed to the non-moving party under M.R.C.P. 56(c), Perkins did not prove that there were no genuine issues of material fact. As stated in *Trader v. Evans*, "we can hardly say as a matter of law that [Perkins] did not engage in conduct which rose to the level of gross negligence or reckless indifference to [Russell's] well-being." *Evans*, 614 So. 2d at 958. Russell clearly sets forth sufficient allegations of excessive use of force to properly make this a

jury trial. We must assume that all of Russell's accusations are true. Assuming such, this Court can not find that Perkins' actions did not constitute an intentional tort thereby denying him his cloak of qualified immunity. Since this Court reverses the granting of summary judgment on the first issue,

Russell's assertion that his failure to receive adequate hearing on the motion for summary judgment is moot.

**REVERSED AND REMANDED.**

**PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS AND SMITH, JJ., CONCUR. LEE, C.J. AND SULLIVAN, P.J., CONCUR IN RESULT ONLY.**