# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-CA-01533-SCT

*ROY LESLIE*

*v.*

*CITY OF BILOXI AND JOHN CAMPBELL*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/09/1998 |
| TRIAL JUDGE: | HON. ROBERT H. WALKER |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JOE SAM OWEN |
| | ROBERT P. MYERS, JR. |
| ATTORNEY FOR APPELLEES: | TERE R. STEEL |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 04/13/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/4/2000 |

**BEFORE PITTMAN AND BANKS, P.JJ., AND MILLS, J.**

**PITTMAN, PRESIDING JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. This is an appeal from the Circuit Court of Harrison County, Mississippi, Second Judicial District, of the granting of summary judgment in favor of the appellees, the City of Biloxi ("Biloxi") and John Campbell ("Campbell").

¶2. The appellant, Roy Leslie ("Leslie"), filed suit against Campbell and Biloxi pursuant to the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. §§ 11-46-1 to -23 (Supp. 1999),  following a motorcycle/automobile accident in which both Leslie and Campbell were acting in their official capacities as law enforcement officers. Leslie also asserted a claim against Biloxi under the theory of respondeat superior. The trial court granted summary judgment to Biloxi and Campbell, ruling that Leslie's claim was barred by the MTCA.

## STATEMENT OF FACTS

¶3. On August 21, 1996, Leslie, a Harrison County Deputy Sheriff, was leading a funeral procession pursuant to his official duties. Campbell, who was driving a Biloxi Police Department patrol car, had just testified in Biloxi Municipal Court and was returning to his home. Campbell turned in front of Leslie. Leslie's motorcycle collided with the front bumper of Campbell's patrol car, throwing Leslie over the front of the motorcycle.

¶4. Leslie sustained severe injuries including a bruised heart, several broken bones, and a punctured lung. As a result of this accident, Leslie is considered permanently and totally disabled and receives Worker's Compensation benefits.

## STANDARD OF REVIEW

¶5. The standard of review employed by this Court in matters regarding summary judgment is well-settled.

Our appellate standard for reviewing the grant or denial of summary judgment is the same standard as that of the trial court under Rule 56(c) of the Mississippi Rules of Civil Procedure. This Court employs a *de novo* standard of review of a lower court's grant or denial of summary judgment and examines all the evidentiary matters before it-- admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, there is no genuine issue of material fact and, the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. That is, the non-movant should be given the benefit of the doubt. McCullough v. Cook, 679 So.2d 627, 630 (Miss.1996) (quoting Mantachie Natural Gas Dist. v. Mississippi Valley Gas Co., 594 So.2d 1170, 1172 (Miss.1992); Clark v. Moore Mem'l United Methodist Church, 538 So.2d 760, 762 (Miss.1989)).

*Mississippi Dep't of Wildlife, Fisheries & Parks v. Mississippi Wildlife Enforcement Officers Ass'n, Inc.*, 740 So.2d 925, 929-30 (Miss. 1999).

## STATEMENT OF ISSUES

**I. WHETHER THE MISSISSIPPI TORT CLAIMS ACT BARS LESLIE'S CLAIM AGAINST CAMPBELL AND THE CITY OF BILOXI.**

**II. WHETHER THE SOVEREIGN IMMUNITY PROTECTIONS OF MISS. CODE ANN. § 11-46-9 ARE WAIVED WHEN A GOVERNMENTAL ENTITY PURCHASES LIABILITY INSURANCE IN EXCESS OF THE LIMITS IMPOSED BY MISS. CODE ANN. § 11-46-15.**

## DISCUSSION

**I. WHETHER THE MISSISSIPPI TORT CLAIMS ACT BARS LESLIE'S CLAIM AGAINST CAMPBELL AND THE CITY OF BILOXI.**

¶6. Section 11-46-9(1)(*l*) states:

(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim . . .

(*l*) of any claimant who is an employee of a governmental entity and whose injury is covered by the Workers' Compensation Law of this state by benefits furnished by the governmental entity by which

he is employed . . .

Miss. Code Ann. § 11-46-9(1)(*l*) (Supp. 1999). The trial court, in its Findings of Fact and Conclusions of Law, applied § 11-46-9(1)(*l*) to the facts at hand stating:

> The exemption has the following meaning: A governmental entity (City of Biloxi) and its employees (John Campbell) . . . shall not be liable for any claim . . . of any claimant (Roy Leslie) who is an employee of a governmental entity (Harrison County) and whose injury is covered by workers' compensation furnished by the governmental entity who employs the claimant (Harrison County).

¶7. The question before this Court then becomes whether the trial court properly applied § 11-46-9-(1)(*l*) to the case at hand. In his opinion the circuit judge stated:

> At the time of the alleged injury, plaintiff was employed by a governmental entity as a Harrison County Deputy Sheriff. At the time of the collision between Officer Campbell and Plaintiff, Plaintiff was on duty performing his job duties as a deputy sheriff. The City of Biloxi is a governmental entity and as Plaintiff has admitted, at the time of the accident Officer Campbell was within the course and scope of his employment as a patrol officer with the City of Biloxi Department of Police. Plaintiff's injury is covered by the Workers' Compensation Law, Miss. Code Ann. § 71-3-5, et seq., and he has received workers' compensation benefits for this injury provided on behalf of Harrison County, Mississippi, pursuant to Miss. Code Ann. § 71-3-5. Pursuant to the plain language of the statute, Plaintiff's claims against the City of Biloxi and Officer Campbell are barred by Miss. Code Ann. § 11-46-9(1)(l).

¶8. In order for the statute to apply in this situation, it must first be shown that Campbell was "acting within the course and scope of [his] employment or duties." In his affidavit, Campbell explained that he was assigned a patrol car that he used to go to and from work and to and from training, court, or city business while off duty. On the day of the accident, Campbell was returning from traffic court when the accident occurred.

¶9. Tommy Moffett, Director of the City of Biloxi Department of Police, executed an affidavit which stated that "[a]t the time of the collision out of which the instant lawsuit arose, Officer John Campbell was within the course and scope of his employment as a patrol officer with the City of Biloxi Department of Police." In further support of this position, Director Moffett stated in his affidavit that:

> Pursuant to City of Biloxi policy, patrol officers are on duty, subject to call, and subject to the control, direction and supervision of the City of Biloxi Department of Police while operating patrol vehicles provided by the City of Biloxi Department of Police, regardless of the officers' immediate destination.

> Police officers are subject to call twenty-four hours [a] day. Providing police officers with patrol vehicles for use in going to and from their homes and job assignments furthers the City of Biloxi's interest in maintaining a ready and rapid response to law enforcement needs as they arise.

> ...

> While operating the vehicle provided to Officer Campbell by the City of Biloxi Department of Police, Officer Campbell was on duty, subject to call and required to intervene in any matter requiring police action which he might observe, regardless of his destination. At the time of the collision out of which

this lawsuit arises, Officer Campbell was subject to the direction, control and supervision of the City of Biloxi Department of Police.

Campbell's deposition, coupled with the affidavit of Tommy Moffett, can lead one to no other conclusion than Campbell was acting within the course and scope of his employment as a patrol officer at the time the accident occurred.

¶10. Secondly, it must be shown that Leslie has received workers' compensation benefits that were furnished by Harrison County. It is undisputed that Leslie was employed as Harrison County Deputy Sheriff at the time the accident occurred.

¶11. Affidavits were submitted to show that Leslie had received workers' compensation benefits as a result of his injuries. Brenda Goolsby of the Mississippi Workers' Compensation Commission, executed an affidavit stating that the "benefits provider has not challenged the compensability of the claim under the Workers' Compensation Laws." In fact, Leslie had been paid approximately $ 30,000 in workers' compensation benefits.

¶12. Applying § 11-46-9(1)(*l*) to the underlying facts, Leslie, by virtue of the fact that he was employed by Harrison County and the recipient of Workers' Compensation benefits provided by Harrison County, is statutorily barred from bringing suit against the City of Biloxi as well as Officer Campbell.

### II. WHETHER THE SOVEREIGN IMMUNITY PROTECTIONS OF MISS. CODE ANN. § 11-46-9 ARE WAIVED WHEN A GOVERNMENTAL ENTITY PURCHASES LIABILITY INSURANCE IN EXCESS OF THE LIMITS IMPOSED BY MISS. CODE ANN. § 11-46-15.

¶13. Leslie argues that such immunity is waived by Biloxi's purchase of liability insurance. Leslie cites as his authority a since withdrawn ***L.W. v. McComb Separate Mun. Sch. Dist.***, 1999 WL 174267 (Miss.). However, since the time the case sub judice was decided in the trial court, ***L.W.*** has been withdrawn and another opinion was substituted for it. ***L.W. v. McComb Separate Mun. Sch. Dist.***, 1999 WL 682076 (Miss. Sept. 2, 1999), is now the controlling law in this area.

¶14. In ***L.W.*** , this Court held that

[t]he purchase of insurance does not affect potential defenses under Miss. Code Ann. § 11-46-9. Otherwise, sovereigns would be unlikely to continue to purchase insurance if it had the effect of waiving all of their defenses under the MTCA-an undesirable and unintended result in this Court's view.

Accordingly, this Court holds that Miss. Code Ann. § 11-46-17(4)(Supp. 1998) allows for the purchase of insurance by a sovereign which then covers claims in excess of the amounts set by Miss. Code Ann. § 11-46-15 (Supp. 1998) to the extent of the policy. **This provision does not limit the exclusions or exemptions enumerated in Section 11-46-9.** ***L.W.***, 1999 WL 682076 at *9 (emphasis added). As a result of ***L.W.***, it does not matter that the City of Biloxi has insurance to cover this incident. Biloxi and Campbell are immune from suit under § 11-46-9(1)(*l*). As such, the existence of liability insurance is of no consequence to this action.

### CONCLUSION

¶15. Leslie, pursuant to Miss. Code Ann. § 11-46-9(1)(*l*), is statutorily barred from bringing suit against the City of Biloxi and Campbell for the reasons stated above. Further, the fact that the City of Biloxi may have purchased liability insurance is of no consequence pursuant to our holding in ***L.W. v. McComb Separate Mun. Sch. Dist***.

¶16. Accordingly, the judgment of the Circuit Court of Harrison County granting the motion for summary judgment in favor of the City of Biloxi and John Campbell is hereby affirmed.

¶17. **AFFIRMED.**

**PRATHER**, C.J., BANKS, P.J., SMITH, MILLS, WALLER AND COBB JJ.,

CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ, J.

McRAE, JUSTICE, DISSENTING:

¶18. The majority's interpretation of the Tort Claims Act, particularly Miss. Code Ann. § 11-46-9(1)(*l*), not only deprives Harrison County Deputy Sheriff Roy Leslie of his day in court, it also acts to bar his public entity employer, Harrison County, from recouping its money paid as workers compensation benefits to Leslie.[1] Likewise, there appears no legitimate explanation for the majority's conclusion that the purchase of liability insurance by a political subdivision does not waive immunity under Miss. Code Ann. § 11-46-9. Indeed, sound public policy and plain common sense demands the opposite result. Accordingly, I dissent.

¶19. The majority misconstrues the meaning of Miss. Code Ann. § 11-46-9(1)(*l*). All governmental entities are separate and distinct. In other words, they are completely autonomous. Does the Tort Claims Act not apply to another public entity? In other words, if one public entity is not at fault and has to cover its injured employee's damages through the payment of workers' compensation benefits, can it not bring a suit against the third party public entity and its employee at fault to cover that loss? As autonomous entities, the state and all political subdivisions should be able to bring suit against one another and not be able to hide behind the immunity based upon another entity's actions or obligations. Under today's decision, the innocent public entity employer would be barred from collecting, and the third-party employee at fault and his entity (insurance company) would be rewarded for committing a tort. This is all contrary to the Act and our Constitution.

¶20. Under our Workers' Compensation Act a public entity employer has always had a right either to have its worker file a suit against a third-party tortfeasor and collect its money off the top of any recovery or to file suit against the third-party itself.[2] Surely the majority does not plan to bar the entity's right to reimbursement. Conversely, if the majority were to allow all state and political subdivisions to sue individually, a unique and exclusive class would be created by not also allowing the aggrieved employee himself to bring suit. In other words, while the majority would prevent a governmental employee from receiving restitution by suing a negligent governmental entity and its employees for their tortious acts, the governmental entity which employed the injured worker would be able to bring suit to recoup its workers' compensation benefits. Providing a remedy at law for the governmental entity, and denying that right to the entity's employee born out of the same cause of action, is violative of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as well as Article 3, Section 24 of the Mississippi

Constitution which provides an open court and a remedy by due course of law for every injury.

¶21. The wording of Miss. Code Ann. § 11-46-9(l)(*l*) is actually nothing more than a redundant statement of the exclusive remedy provision set forth in Miss. Code Ann. § 71-3-9 (1995) which states that an employer shall have no liability to the employee other than to provide workers' compensation benefits. A closer and more in-depth look into the interpretation and consequences of this statute is warranted.

¶22. This Court has recognized that with insurance companies providing coverage to public entities, the need to protect the public's funds is no longer present. In essence, the public coffers are no longer at risk because the risk has been transferred to the insurance companies. Today's decision holds firm this Court's apparent desire to not only protect the public coffers, but to also become the defender of insurance companies. Insurance companies represent themselves to be in the business of protecting others, but it is those very insurance companies that are being protected every time this Court follows the rationale set forth in *L.W. v. McComb Separate Municipal Sch. Dist.*, No. 97-CA-01465-SCT, 1999 WL 682076, at \*8-9 (Miss. Sept. 2, 1999) and bars the use of those policies. Surely it was the legislature's intent to allow recovery for its citizens where there is insurance coverage and the public funds are not at risk. If not, what was the point of the entity's expending public funds for this insurance?

¶23. If an entity for either itself or its employees chooses to come out from under the protection of the legislatively created Tort Claims Act umbrella for a "bigger" one provided by an insurance company, the insurance company should be estopped from claiming any privileges or defenses under the Act, up to the amount of coverage. Consequently, an insurer has no right to gain shelter under the very umbrella created by the Act. That right was created for governmental entities and should not be delegated. If it were delegated, then insurance companies would be gaining an undeserved benefit and the public entities would be getting diminished coverage. Once a governmental entity has purchased liability insurance, it should be treated like any other defendant. Simply put, there is no need for sovereign immunity protections in that situation because the only funds at risk are those of an insurance company.

¶24. Accordingly, I dissent.

### DIAZ, J., JOINS THIS OPINION.

1. In this particular case, approximately $30,000 was paid in workers' compensation benefits.

2. Miss. Code Ann. § 71-3-71 allows an employer or compensation insurer paying benefits under the workers' compensation law to maintain an action at law against any other party responsible for such injury in the name of the insured employee or his beneficiaries, or in the name of the employer or insurer. *See* Miss. Code Ann. § 71-3-71 (1995).