BRIDGES, C.J., for the Court:
¶ 1. Johnny Allen Shelton appeals from the order of the Benton County Circuit Court granting summary judgment in favor of the Town of Hickory Flat, Alderman David Thompson, Aldex-man Allen Gray, Alderman Carroll Taylor, Alderman Margie Gray, and Alderman Peggy Moffitt. Shelton asserts the circuit court erred in determining there was no genuine issue of material fact regarding his termination. Finding no error, we affirm.
FACTS
¶ 2. Johnny Allen Shelton was hired in the spring of 1992 to work in the maintenance department of the Town of Hickory Flat. Shelton was terminated effective September 13, 1996. During the same meeting in which Shelton was discharged, the mayor and board of aldermen hired the son of Alderman Peggy Moffitt, Gerry P. Moffitt, as Shelton’s replacement for the maintenance position effective September 13,1996.
¶ 3. On May 7,1997, Shelton filed an action in the Circuit Court of Benton County alleging he was wrongfully discharged to create a position for the son of an alderman in violation of Miss. Const, art. 4, § 109, Miss.Code Ann. § 25-1-53 (Supp.1998) and Mississippi public policy.
¶4. Finding no genuine issue of material fact, the trial court granted summary judgment in favor of the Town of Hickory Flat, Alderman David Thompson, Alderman Allen Gray, Alderman Carroll Taylor, Alderman Margie Gray, and Alderman Peggy Moffitt.
LEGAL ANALYSIS AND DISCUSSION
¶ 5. This Court applies a de novo standard of review to a grant of summary judgment by the lower court. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. Russell v. Orr, 700 So.2d 619, 622 (Miss.1997); Northern Elec. Co. v. Phillips, 660 So.2d 1278, 1281 (Miss.1995).
¶ 6. “The standard for reviewing the granting or the denying of summary judgment is the same standard as is employed by the trial court under Rule 56(c). This Court conducts de novo review of orders granting or denying summary judgment and looks at all the evidentiary matters before it — admissions in pleadings, answers to interrogatories, depositions, affidavits, etc.” Aetna Cas. and Sur. Co. v. Berry, 669 So.2d 56, 70 (Miss.1996) (quoting Mantachie Natural Gas v. Miss. Valley Gas Co., 594 So.2d 1170, 1172 (Miss.1992)).
¶ 7. Viewing the evidence in the light most favorable to Shelton, we find that the Board is entitled to a judgment as a matter of law. Yowell v. James Harkins Builder, Inc., 645 So.2d 1340, 1343 (Miss.1994). The evidence shows that Shelton was an employee appointed by the mayor and board of aldermen to work in the maintenance department. As such, Shelton could be discharged at any time, either with or without cause, pursuant to Miss.Code Ann. § 21-3-5 (Rev. 1990):
[T]he mayor and board of aldermen of all municipalities operating under this chapter shall have the power and authority to appoint ... such other officers and employees as may be necessary, and to prescribe the duties and fix the compensation of all such officers and employees. All officers and employees so appointed shall hold office at the pleasure of the governing authorities and may be discharged by such governing authorities at any time, either with or without cause.
¶ 8. The statute is explicit that Shelton serves at the pleasure of the mayor and the board of alderman. Even if Shelton had an impeccable work record, the Board was within its authority to discharge Shelton.
¶ 9. The record shows that Shelton was terminated for cause. The Board minutes of June 24, 1996, list specific complaints made against Shelton and a coworker by townspeople. During its September 12, 1996 meeting, the minutes show the Board unanimously voted to terminate Shelton after determining “there had been no improvement in [Shelton’s] performance even though every effort had been made and ample time had been given for improvement.”
¶ 10. Shelton also contends the Board’s hiring of Gerry Moffitt as Shelton’s replace *1077 ment in the maintenance department violated Miss. Const, art. 4, § 109 and the nepotism statute, Miss.Code Ann. § 25-1-53 (Supp. 1998).
Section 109 reads:
No public officer ... shall be interested, directly or indirectly, in any contract with the state, or any district, county, city, or town thereof, authorized by any law passed or order made by any board of which he may be or may have been a member, during the term for which he shall have been chosen, or within one year after the expiration of such term.
Section 25-1-53 declares:
It shall be unlawful for any person elected, appointed or selected in any manner whatsoever to any state, county, district or municipal office, or for any board of trustees of any state institution, to appoint or employ, as an officer, clerk, stenographer, deputy or assistant who is to be paid out of the public funds, any person related by blood or marriage within the third degree, computed by the rule of the civil law, to the person or any member of the board of trustees having the authority to make such appointment or contract such employment as employer.
We find Shelton’s argument fails for two reasons:
(1) Shelton lacks standing to sue Aider-man Peggy Moffitt for a violation of Miss. Const, art. 4, § 109 or Miss.Code Ann. § 25-1-53 (Supp.1998).
¶ 11. As the Mississippi Supreme Court stated in Frazier v. State, 504 So.2d 675 (Miss.1987):
[I]t is clear [Miss. Const, art. 4, § 109] is to protect the government. It is not a provision to protect individual rights. It is not concerned with whether some individual or class of individuals may suffer from its enforcement.... [T]he transgression test is intended to be mechanistic and objective, and motives and intentions of persons who violate [§ 109] are immaterial. Its purpose is to remove any temptation to invade its proscription.
Id. at 694 (citation omitted). The Attorney General is the “proper party to institute and manage [a suit alleging a violation of § 109], as . he is by common law, statute, and our Constitution the chief legal officer for this State.”. Id. at 690.
¶ 12. Moreover, the Mississippi Ethics Commission is statutorily empowered to investigate any alleged violation of law by a public official, Miss.Code Ann. § 25-4-19 (Supp.1998), and any complaint for such violation “may be initiated only by the Mississippi Ethics Commission or the district attorney of the county in which the violation occurred.” Miss.Code Ann. § 25-4-107(1) (Rev.1991).
¶ 13. Further, Shelton lacks standing under § 25-1-53 inasmuch as he is not a member of the class of prospective employees for the appointive position in the maintenance department of the Town of Hickory Flat and, therefore, was not injured by the hiring of Gerry Moffitt.
(2) Even if Shelton were a candidate for the maintenance position, the hiring of Gerry Moffitt is not prohibited by § 25-1-53. Only the positions of “officer, clerk, stenographer, deputy or assistant” were declared protected from nepotism by the legislature. Therefore, the maintenance position is outside the ambit of § 25-1-53.
¶ 14. For the foregoing reasons, we find the lower court was correct in granting summary judgment on behalf of the Town of Hickory Flat, Alderman David Thompson, Alderman Allen Gray, Alderman Carroll Taylor, Alderman Margie Gray and Alderman Peggy Moffitt. .The order of the lower court is hereby affirmed.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF BENTON COUNTY GRANTING SUMMARY JUDGMENT IN FAVOR OF THE APPELLEES IS AFFIRMED. COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.