This appeal is a premises liability case filed by Appellant James Downs (Downs), a patron at the business of Johnny Choo, d/b/a Bing's Super-Value, Appellee (Bing's). From the grant of summary judgment by the Washington County Circuit Court in favor of Bing's, Downs filed a notice of appeal raising one error:
 In granting summary judgment to the defendant, despite the existence of material issues of fact, the trial court committed reversible error and deprived James Downs of his right to a jury trial under section 31 article 3 of the Mississippi Constitution of 1890 as well as the 7th and 14th amendments of the United States Constitution.
 I. FACTS
James Downs, 68 years old, went to Bing's on November 26, 1988 around 12:30 or 1:00 p.m. to purchase some bell peppers and onions for his wife, Juanita. He pulled his shopping cart into the produce section, stopped the cart, and walked toward the banana bin. Downs slipped on a banana on the floor and fell within about five feet of Wade Curtis, a store employee. Alleging physical and mental pain and suffering from his slip and fall due to the negligent act of Bing's in not maintaining a safe environment for business customers, Downs sued for damages.
 II. LAW
This Court reviews a trial court's grant of summary judgmentde novo. Mantachie Nat. Gas v. Miss. Valley Gas Co.,594 So.2d 1170, 1172 (Miss. 1992). When reviewing an award of summary judgment, this Court views all evidence in the light most favorable to the non-movant, including "admissions in pleadings, answers to interrogatories, depositions, affidavits, etc.," and will presume that all evidence in the non-movant's favor is true.Daniels v. GNB, Inc., 629 So.2d 595, 599 (Miss. 1993). If there is a doubt as to whether there exists a genuine issue of material fact, the non-movant receives the benefit of that doubt.Mantachie, 594 So.2d at 1173.
The party moving for summary judgment has the burden of persuading the court that there are no genuine issues of material fact and, therefore, they are entitled to summary judgment as a matter of law. Daniels, 629 So.2d at 600. However, the parties are responsible for the production of evidence corresponding to their respective burdens at trial. Id. Summary judgment should only be granted when it is shown, beyond a reasonable doubt, that the non-movant would be unable to prove any facts to *Page 86 
support his claim. McFadden v. State, 580 So.2d 1210, 1214 (Miss. 1991). Finally, it is reversible error for a trial court to substitute its summary judgment for a jury's consideration of disputed factual issues if material to the case. Brown v. CreditCenter, Inc., 444 So.2d 358, 366 (Miss. 1983).
Corresponding to Downs' burden at trial, in order for him to withstand summary judgment, he must produce significant and probative evidence to support his claim. Daniels, 629 So.2d at 600. In order for a plaintiff to recover in a slip-and-fall case, he must (1) show that some negligent act of the defendant caused his injury; or, (2) show that the defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff; or, (3) show that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant, in that the defendant should have known of the dangerous condition. See Moore v. Winn-Dixie Stores, Inc. et al.,252 Miss. 693, 173 So.2d 603 (1965); Munford, Inc. v. Fleming,597 So.2d 1282, 1284 (Miss. 1992).
Downs argues that since Bing's employees rotate the bananas every morning, it is possible that one of the store's employees negligently dropped the banana that caused his injury. He claims that this is enough circumstantial evidence to present this question to a jury, relying on Williamson v. F.W. Woolworth,237 Miss. 141, 112 So.2d 529 (1959).
Downs alleges that he went to Bing's on November 26, 1988 around 12:30 or 1:00 p.m. to purchase some bell peppers and onions for his wife. He pulled his basket to the produce section, stopped the basket and walked toward the banana section, then slipped on a banana and fell to the floor. He fell within about five feet of a store employee, Wade Curtis (Curtis). Downs stated that he did not see the banana before he fell forward and caught himself on his hands and knees. He said the banana was dark in color, indicating that it was old produce.
Choo claimed that usually every morning, his employees pick out the really ripe bananas and bag them up for sale at the front of the store. The employees in charge of produce are to keep produce off the floor and employee Johnny Nichols sweeps the entire store approximately every two hours.
Johnny Nichols, whose job entails sweeping Bing's all day, remembered working the day Downs fell. According to Nichols, it took him twenty (20) minutes to sweep the entire floor. Nichols would "sometimes . . . take a lunch break according [sic] how the traffic is." Nobody helped Nichols sweep. He said he did not take a lunch break on the day Downs fell. Nichols stated in his affidavit that he had swept the floor area where Downs fell prior to the accident on the day in question and that he had removed any and all debris from the floor.
Nichols heard the accident, ran over to the produce section, and saw Wade Curtis pick up the banana. He noticed the banana was not dark — or at least did not have too many bad spots on it. He said the banana did not appear to be mashed or broken.
Art Johnson (Johnson) is the front end manager at Bing's. Johnson was working on November 26, 1988, and remembered Wade Curtis telling him that a man had fallen in the produce area. Curtis told Johnson the man had fallen on a banana and Johnson later saw the remains of the banana on the floor. He said the banana was yellowish-green in color and was depressed on one end. Johnson wrote up an accident report and sent it to Bing's insurer.
The issue now raised is whether the trial court was in error by granting summary judgment concluding that there was no genuine issue of a material fact. There was a dispute as to the timely and non-negligent removal of the banana from the produce bin by the store's employees. The plaintiff should have been allowed to present his evidence in a trial below to settle the disputed issue by the jury.
Additionally, this Court has recently revisited our law on the comparative negligence standard. In Tharp v. Bunge,641 So.2d 20, 23 (Miss. 1994), this Court recognized that:
 Mississippi led the nation at the turn of this century by being the first state to *Page 87 
adopt a pure comparative negligence standard. Mississippi Code Ann. § 11-7-17 (1972) reads that "all questions of negligence and contributory negligence shall be for the jury to determine." Miss. Code Ann. § 11-7-17 (1972). For the open and obvious defense to be a complete bar to a negligence claim, the plaintiff must be one hundred percent (100%) negligent himself. Miss. Code Ann. § 11-7-15 (1972). Mississippi Code Ann. § 11-7-15 states the fact that "the person injured, or the owner of the property . . . may have been guilty of contributory negligence shall not bar a recovery, but damages shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured, or the owner of the property. . . ." Miss. Code Ann. § 11-7-15 (1972).
More recently in Tate v. Southern Jitney Jungle Co.,650 So.2d 1347 (Miss. 1995), this Court reaffirmed "that the open and obvious doctrine is not a complete defense to negligent actions in premises liability cases where the condition complained of is unreasonably dangerous." 650 So.2d at 1351.
The parties here should have the benefit of this change in our jurisprudence. The trial court did not have the benefit of these recent cases and, for this reason, the summary judgment is reversed and remanded to the trial court for further proceedings.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THISOPINION.
HAWKINS, C.J., McRAE and SMITH, JJ., concur.
DAN M. LEE, P.J., concurs in result only.
SULLIVAN, J., dissents with separate written opinion joined by PITTMAN, BANKS and JAMES L. ROBERTS, Jr., JJ.