MYERS, J., for the Court.
¶ 1. Iva Rigby fell when she stepped on a white piece of plastic on the steps of the indoor pool at Sugar’s Fitness and Activity Center. She sued Sugar’s claiming negligent maintenance of the club’s pool. Sugar’s filed for summary judgment and the motion was granted by Honorable Samac S. Richardson. Feeling aggrieved, Iva Rigby appeals the decision of the Rankin County Circuit Court. Rigby feels there was no proper basis for granting summary judgment and that it was improper for the court to deny her Rule 52 motion for independent findings of fact. The case is being reversed and remanded.
FACTS
¶ 2. The undisputed facts are that Iva Rigby was a member of Sugar’s Fitness and Activity Center. She signed a membership agreement which included a waiver of liability. On the morning of the incident employee Sharon Lee vacuumed the swimming pool between 7:00 and 7:30 a.m. and again before Rigby’s fall around 10:00 a.m. Lee had no notice of the object upon which Rigby slipped and fell. Other patrons entered the pool without incident immediately prior to Rigby’s fall. The offending object that caused the fall was an egg shaped, hard white plastic as were the pool steps.
STANDARD OF REVIEW
¶ 3. Our standard of review for summary judgment is de novo.
Summary Judgment may be appropriately entered by a trial court “if the pleadings depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” All that is required of a non-moving party to survive a motion for summary judgment is to establish a genuine issue of material fact by the means available under ... Miss. R. Civ. P. 56(c).
Robinson and Robinson v. Ratliff and Johnson, 757 So.2d 1098 (¶ 6) (Miss.Ct.App.1999) (quoting Spartan Foods Systems, Inc., v. American Nat’l Ins. Co., 582 So.2d 399, 402 (Miss.1991)).
DISCUSSION
¶ 4. Judge Richardson determined that there was a proper basis for granting summary judgment in that no dangerous condition existed upon which Sugar’s could be held liable under their duty to maintain and inspect the premises. In addition the court found that Sugar’s had no notice of the alleged dangerous condition and the signed waiver was a valid and enforceable contract.
¶ 5. When discerning whether a business owner is liable for a hazard, we evaluate the claim using the following elements. The first is that some negligent act by the business caused the injury, or secondly, the plaintiff must show that the establishment had actual knowledge of the dangerous condition but failed to adequately warn patrons. If neither of those apply, then Rigby needed to show that the dangerous condition remained long enough to impute constructive knowledge to Sugar’s. Downs v. Choo, 656 So.2d 84, 86 (Miss.1995).
¶ 6. To establish constructive knowledge, the invitee must establish with specific proof that the danger existed long *499 enough for a reasonably prudent owner to be put on notice of such danger. Sugar’s stated that they cleaned the swimming pool at 7:00 a.m. in preparation for its use. Sugar’s stated that another clean up was done after children were allowed to swim and prior to the 10:00 a.m. water aerobics class. While entering the pool, Rigby stepped on a small egg shaped piece of white plastic and fell. Several other people entered the pool from the same spot yet none were injured. With movement in the pool affecting the flow of water, it is conceivable that this object was moving around with the flow of water and was difficult to see when it reached the step. However, the object was certainly in the pool prior to the last inspection by Sugar’s employee.
¶7. It would appear that the inspection done by their employee was necessary for just this reason — to find and remove objects that might injure a patron. “If there is a doubt as to whether there exists a genuine issue of material fact, the non-movant receives the benefit of that doubt.” Downs, 656 So.2d at 85. “[A]ll questions of negligence and contributory negligence shall be for the jury to determine.” Miss.Code Ann. § 11-7-17 (Supp. 2001). There is a dispute as to the negligence regarding the cleaning of the pool. Rigby should have been allowed to produce her evidence in a trial to settle this dispute by jury.
¶ 8. Sugar’s also looks to support its motion for summary judgment with the assertion that Rigby signed a waiver releasing Sugar’s from liability for injury. This release was signed at the time she joined Sugar’s and was still in effect at the time of her injury. Rigby testified in her deposition that she did not remember signing this waiver. Regardless, “contracts attempting to limit the liabilities of one of the parties [will] not ‘be enforced unless the limitation is fairly and honestly negotiated and understood by both parties.’ ” Quinn v. Mississippi State Univ., 720 So.2d 843, 851 (¶ 34) (Miss.1998); see also Tumbough v. Ladner, 754 So.2d 467 (Miss.1999)(reversing this Court). There is nothing in the record to support the notion that this contract was ever fairly and honestly negotiated and understood by both of the parties. Specifically, Rigby does not recall any discussion of this waiver because she did not remember signing it.
¶ 9. Summary judgment was granted in error and we reverse and remand for further proceedings.
¶10. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT GRANTING SUMMARY JUDGMENT IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, AND CHANDLER, JJ., CONCUR. SOUTHWICK, P.J., CONCURS IN RESULT ONLY. BRANTLEY, J., NOT PARTICIPATING.