LEE, J.,
for the court.
PROCEDURAL HISTORY
¶ 1. Marie Elizabeth Strong sued the Southside Baptist Church (Southside) after she fell at the church when attending a wedding. Southside filed a motion for summary judgment claiming Mrs. Strong was a business invitee, but the court found *609 her to be a licensee and the motion was denied. The matter was tried before a Hinds County Circuit Court jury, and the jury returned a verdict in favor of South-side. Mrs. Strong appeals to this Court asserting two errors: 1) the circuit court erred in denying both her request for a peremptory instruction, as well as her post-trial motion for a judgment notwithstanding the verdict or in the alternative a new trial; and 2) the circuit court erred in giving a jury instruction stating that the jury should find for Southside if it found that Mrs. Strong’s own actions were the “sole proximate cause of her fall.” Finding no error, we affirm.
FACTS
¶ 2. Joe and Marie Strong were invited to a wedding at Southside. The Strongs had difficulty finding the church and were late, arriving ten minutes after the wedding started. Joe Strong dropped his wife off in front of the church, so she could go inside while he parked their car. As Mrs. Strong entered the church, she fell and broke her left ankle.
¶ 3. No one observed Mrs. Strong’s fall; however, David Grayson, a paramedic and family friend of the Strongs, entered the church immediately after the fall and was able to render medical assistance. Gray-son noted that the entrance to the church involved a step down of two to three inches and that the threshold plate or the floor molding was deteriorating. Mr. Strong similarly described the entryway and stated that when he examined the threshold by putting his hand on it, it “wiggled.” Mrs. Strong admitted she did not know how she came to fall.
DISCUSSION
I. EVIDENCE SUPPORTING THE VERDICT
¶ 4. Mrs. Strong argues that the court erred in denying her requested peremptory instruction, as well as in denying her motion for judgment notwithstanding the verdict or, in the alternative, a new trial. We look to our applicable standards of review.
This Court’s standards of review regarding a denial of a judgment notwithstanding the verdict and a peremptory instruction are the same. Our standards of review for a denial of a judgment notwithstanding the verdict and a directed verdict are also identical. Under this standard, this Court will consider the evidence in the light most favorable to the appellee, giving that party the benefit of all favorable inference that may be reasonably drawn from the evidence. If the facts so considered point so overwhelmingly in favor of the appellant that reasonable men could not have arrived at a contrary verdict, we are required to reverse and render. On the other hand if there is substantial evidence in support of the verdict, that is, evidence of such quality and weight that reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions, affirmance is required. The above standards of review, however, are predicated on the fact that the trial judge applied the correct law.
Steele v. Inn of Vicksburg, Inc., 697 So.2d 373, 376 (Miss.1997).
¶ 5. In this case, the circuit court found that Marie Strong’s status was that of an invitee to the wedding. As an invitee, Southside owed a duty to Mrs. Strong to use reasonable care in keeping its premises reasonably safe and to warn of any dangerous condition not readily apparent. Caruso v. Picayune Pizza Hut, Inc., 598 So.2d 770, 773 (Miss.1992).
¶ 6. On appeal, Mrs. Strong argues that since Southside introduced no evidence of *610 its own through direct examination of witnesses, a verdict in her favor was the only-possible outcome of the trial. However, an examination of the record reveals that while Southside limited itself to crossrex-amination, the evidence was disputed.
¶ 7. Irene Hughes, the pastor’s secretary at Southside, testified that as a result of foundation settling, Southside previously had the doors re-trimmed to enable them to close properly. Hughes agreed the settling had probably resulted in the floor dropping down “a little bit” just inside the doorway; however, she stated she had not seen deterioration in the threshold, and she had tested the floor-plate to see if it “rocked,” and it did not. She also stated that no person had commented or complained that the entryway was unsafe. During Hughes’ testimony a series of photographs showing the entryway were introduced into evidence. Hughes consistently testified both that the photographs did not show any unsafe or negligently maintained condition, and that Southside had no basis to know any hidden hazard existed.
¶ 8. The jury was instructed that in order for it to return a verdict for Mrs. Strong, it had to find that the evidence proved each of the following three conditions: 1) the threshold area just inside the door was cracked and the floor just inside the door had subsided and presented a hazard and danger to persons entering the church through the said door; 2) the church was negligent in failing to provide Marie Elizabeth Strong a premises reasonably safe, commensurate or in keeping with the invitation extended to her to use the church premises, or that it failed to warn or protect her of a known hazard or danger about which it had superior knowledge and of which she had no knowledge; and 3) the church’s negligence proximately caused or proximately contributed to the cause of her tripping and falling. Having reviewed Hughes’ testimony and the photographs, the jury apparently concluded that the doorway was not unreasonably unsafe and did not present any hidden hazard. Viewing the evidence in a light favorable to the verdict, we find that the requested peremptory instruction was correctly denied, as were the motions for a directed verdict and for judgment notwithstanding the verdict. There is no merit to this assignment of error.
II. JURY INSTRUCTION D-6
¶ 9. Mrs. Strong also argues that the judge erred in allowing jury instruction D 6 to be presented to the jury. This instruction provided:
If you find from a preponderance of the evidence that, as Marie Strong entered the Southside Baptist Church, she failed to keep watch where she was going, and failed to exercise ordinary and reasonable care to keep a proper lookout for any condition of the premises, and if you further find that her failure to take this action was the sole proximate cause of her fall, then your verdict must be for the Defendant.
We recognize that the overruled theory of “open and obvious” dangers completely barred recovery even where the plaintiffs own actions in failing to perceive obvious danger were only partially the proximate cause of his injury. Tharp v. Bunge Corp., 641 So.2d 20, 23 (Miss.1994). However, although Mrs. Strong contends that this instruction incorrectly instructed on “the open and obvious” defense and thereby applied contributory negligence, we find no error with the instruction. The jury was properly instructed on comparative negligence in being required to find Mrs. Strong’s negligence to be the “sole proximate cause,” to entitle Southside to a favorable verdict.
*611 ¶ 10. Mrs. Strong further contends the jury instruction was given in error because no evidence pointed to any negligence on her part. However, juries properly infer negligence from facts introduced. Downs v. Choo, 656 So.2d 84, 86 (Miss.1995). In this case, the evidence showed that Mrs. Strong was late for a wedding, she walked into the church without noticing a small deviation in the level of the floor, and unfortunately she fell. From this account of the facts, the jury had sufficient foundation to conclude she was the sole proximate cause of her injury, thus leaving Southside with no liability. This assignment of error is without merit.
¶ 11. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C. J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.