962 So.2d 645 (2007)
Alice LOCKWOOD, Appellant
v.
ISLE OF CAPRI CORPORATION d/b/a Isle of Capri Casino, Appellee.
No. 2005-CA-01995-COA.
Court of Appeals of Mississippi.
February 6, 2007.
Rehearing Denied May 29, 2007.
*646 Robert Stanley Little, attorney for appellant.
Christopher Ethan Kittell, Clarksdale, attorney for appellee.
Before KING, C.J., CHANDLER and ROBERTS, JJ.
CHANDLER, J., for the Court.
¶ 1. Alice Lockwood slipped and fell near the buffet table at the Isle of Capri ("IOC") in Lula, Mississippi in 2003. Lockwood sued the IOC, claiming that the casino had either actual or constructive knowledge of water on the floor, which caused her fall, or that the IOC negligently failed to correct an unreasonably dangerous condition. The Coahoma County Circuit Court granted summary judgment for the IOC, holding that Lockwood did not present sufficient proof as to the origin of the water, that the IOC had actual or constructive knowledge of the condition or that the IOC had breached any duty owed to Lockwood.
¶ 2. Lockwood appeals, arguing that the trial court erred by failing to consider *647 former instances of water on the floor which created a genuine dispute of material fact. Lockwood filed this appeal to determine:
I. WHETHER THE TRIAL COURT ERRED BY EXCLUDING EVIDENCE OF PRIOR INCIDENTS OF WATER ACCUMULATION PURSUANT TO MISSISSIPPI RULE OF EVIDENCE 404(B).
II. WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN EVIDENCE DEMONSTRATED A GENUINE ISSUE OF MATERIAL FACT.
¶ 3. Finding error, we reverse and remand.

FACTS
¶ 4. On November 7, 2003, Alice Lockwood visited the IOC with her two friends, Alma Bowman and Vivian Davis. After playing several rounds of casino games, the women went to the casino's Calypso Buffet to eat dinner. On her way to the buffet table, Lockwood slipped and fell on the tile floor, injuring her back and neck.
¶ 5. Witnesses to the accident testified they saw a puddle of water on the floor where Lockwood slipped and fell. Some witnesses speculated that the water came from either the seafood buffet, where the food was served on ice, or from a plate dispenser. An affidavit from another witness stated that she saw water on the floor in the same area on multiple prior occasions. Lockwood could not remember anything from the accident. Immediately after paramedics removed Lockwood from the restaurant, a casino employee mopped the floor.
¶ 6. Lockwood filed a suit for negligence against the casino. She alleged that by failing to remove or warn of the dangerous condition, the casino was negligent. She also maintained that the IOC had either actual or constructive knowledge of the dangerous condition. The IOC filed a motion for summary judgment, which the trial court granted. The court found no genuine issue as to material fact and held that the casino was entitled to a judgment as a matter of law. The trial court ruled certain testimony regarding prior incidents of water on the buffet floor to be inadmissible under Mississippi Rule of Evidence 404(b) to prove whether the casino had either actual or constructive knowledge of the condition which led to Lockwood's fall. The court also found that Lockwood failed to offer the requisite proof that the IOC negligently created an unreasonably safe condition.

LAW AND ANALYSIS
I. WHETHER THE TRIAL COURT ERRED BY EXCLUDING EVIDENCE OF PRIOR INCIDENTS OF WATER ACCUMULATION PURSUANT TO MISSISSIPPI RULE OF EVIDENCE 404(B).
¶ 7. Lockwood asserts that she provided ample evidence to prove that the IOC had constructive notice. She offered testimony from other patrons who testified that on prior visits to the IOC, they saw water in the same spot as where Lockwood fell. The trial court ruled this testimony inadmissible under M.R.E. 404(b), which prohibits evidence of prior crimes, wrongs, or acts to prove conformity therewith. Lockwood argues that this testimony falls under the exception to Rule 404(b), which states that such evidence may be offered as proof of knowledge, which is a necessary part of her prima facie case.
¶ 8. This Court will not disturb a lower court's findings on evidentiary matters absent an abuse of discretion. Lindsey v. State, 754 So.2d 506, 511(¶ 23) (Miss. *648 Ct.App.1999). Reversal is appropriate if the lower court's ruling affects a substantial right or prejudice or harm results to a party. Smith v. State, 839 So.2d 489, 495(¶ 8) (Miss.2003) (citing Farris v. State, 764 So.2d 411, 428(¶ 57) (Miss.2000)).
¶ 9. In order for Lockwood to overcome summary judgment in the present case, she must show that the IOC created an unreasonably dangerous condition or that the IOC had actual or constructive knowledge of a dangerous condition. Elston v. Circus Circus, Inc., 908 So.2d 771, 773(¶ 8) (Miss.Ct.App.2005). Generally, evidence of prior bad acts is inadmissible to prove a propensity to act in a certain manner. Moore v. K & J Enterprises, 856 So.2d 621, 632(¶ 46) (Miss.2003) (citing M.R.E. 404(b)). However, evidence of prior bad acts may be admissible to prove identity, knowledge, intent, motive or to prove scienter. Id.
¶ 10. Lockwood offered an affidavit of Alma Bowman, who stated that she had been to the IOC on several prior occasions and had also eaten at the Calypso Buffet. On those visits, she saw a puddle of water in the same location as that where Lockwood fell. Lockwood asserts that such testimony was not intended to show action in conformity therewith on the part of the casino. Rather, she intended to use the testimony to prove that the IOC either had knowledge or should have known of the recurrent condition of the water accumulation and given that knowledge, should have instituted procedures to protect its patrons.
¶ 11. The IOC has a duty to its business invitees to keep the premises reasonably safe and to warn of any known latent dangers. Little v. Bell, 719 So.2d 757, 760(¶ 16) (Miss.1998). Evidence of prior water accumulation would have been sufficient for a jury to reasonably infer that the IOC had constructive knowledge of the dangerous condition or could have prevented an accident by placing warning signs in the area where water normally collected.
¶ 12. Thus, we hold that the evidence was competent testimony sufficient to create a genuine issue of material fact as to whether water had been present in the same area of the Calypso Buffet on prior occasions.
II. WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN EVIDENCE DEMONSTRATED A GENUINE ISSUE OF MATERIAL FACT.
¶ 13. This Court reviews the record de novo to determine whether a motion for summary judgment was properly granted. Lowery v. Guaranty Bank and Trust Co., 592 So.2d 79, 81 (Miss. 1991). A motion for summary judgment should be granted if it can be shown by the evidence that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. M.R.C.P. 56(c). On a motion for summary judgment, a court does not try issues of fact; it can only determine whether there are issues to be tried. Hartford Cas. Ins. Co. v. Halliburton Co., 826 So.2d 1206, 1209-10(¶ 6) (Miss.2001). All evidence must be viewed in the light most favorable to the non-movant, and the court should presume that all evidence in the non-movant's favor is true. Daniels v. GNB, Inc., 629 So.2d 595, 599 (Miss.1993).
In Mississippi, a premises liability claim can be based on three theories:
(1) that the defendant's own negligence created a dangerous condition which caused plaintiff's injury; (2) that defendant had actual knowledge of a condition which defendant itself did not cause, but defendant failed to adequately warn *649 plaintiff of the danger she faced as an invitee; or (3) that, based upon the passage of time, defendant should have known of the dangerous condition caused by another party if defendant had acted reasonably, i.e., constructive knowledge of the condition should be imputed to defendant.
Vu v. Clayton, 765 So.2d 1253, 1255(¶ 8) (Miss.2000) (citing Downs v. Choo, 656 So.2d 84, 86 (Miss.1995)). In Downs, our supreme court held:
If there is a doubt as to whether there exists a genuine issue of material fact, the non-movant receives the benefit of that doubt. . . . It is reversible error for the trial court to substitute summary judgment for a jury's consideration of disputed factual issues if material to the case.
Id. at 85-86. (citations omitted). Our supreme court has further held:
When a plaintiff has shown that the circumstances were such as to create a reasonable probability that the dangerous condition would occur, he need not also prove actual or constructive notice of the specific condition, in this instance a specific puddle of water.
F.W. Woolworth Co. v. Stokes, 191 So.2d 411, 416 (Miss.1966) (citations omitted).
¶ 14. Witnesses to the accident in the present case stated that Lockwood fell in a puddle of water which had pooled near the buffet line. Although testimony varies as to the amount of water, with some stating that the puddle was as large as a desktop and others stating that the puddle was larger than a plate but smaller than a hoola hoop, it is clear that the amount of water which accumulated was significant.
¶ 15. We find that competent testimony concerning prior instances of water created a genuine issue of material fact which precluded granting summary judgment for the IOC. A jury could have reasonably inferred from the testimony that the water accumulation was recurrent and that the IOC either knew of its condition or should have known. Therefore, we reverse the lower court's grant of summary judgment and remand the case back to the trial court for further consideration of the excluded evidence.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY GRANTING THE MOTION FOR SUMMARY JUDGMENT IS REVERSED AND REMANDED FOR FURTHER CONSIDERATION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.