CARLTON, J.,
DISSENTING:
¶12. I respectfully dissent from the majority’s opinion. The trial court erred in granting summary judgment because the record reflects that questions of material fact exist in this case and that the trial court erroneously construed the facts and questions of disputed fact in the light most favorable to the Appellees, the movants for summary judgment.[1] Such facts include Huffine’s testimony about the presence of a CSI supervisor at the Keesler site and Aladdin’s authority to remove CSI employees from the site. As the record reflects, the trial court found it was unclear whether CSI had a field foreman on the Keesler site, and the court determined that Aladdin possessed the authority to remove CSI employees if Aladdin felt the quality of the work was at issue. However, these factual questions constituted material questions of fact that preclude summary judgment in this case.
¶13. In accordance with the contract between CSI and Aladdin, CSI maintained an onsite supervisor for its CSI employees *789 when CSI provided Aladdin with skilled labor for this project. The CSI supervisor coordinated any daily work with Aladdin’s supervisors, and then the CSI supervisor directed the CSI employees on the job site. Additionally, CSI retained the right to hire and fire its own employees. The record reflects that, pursuant to its contract with Aladdin, CSI maintained control and supervision over its CSI employees, and the CSI supervisor directed the details of the duties given to the CSI employees performing work on the Aladdin project at Keesler.
¶14. The borrowed-servant doctrine is refuted by the evidence in the record of CSI’s right to hire, fire, and control its own employees and by the evidence of CSI’s onsite supervision of its own employees. Thus, the trial court, upon granting summary judgment in favor of Dedeaux and CSI, erred by failing to construe the facts in the light most favorable to the nonmovant.[2] In Quick Change Oil & Lube Inc. v. Rogers, 663 So.2d 585, 589 (Miss. 1995), the Mississippi Supreme Court stated:
The general rule, as applied at common law, is that a servant, in general employment of one person, who is temporarily loaned to another person to do the latter’s work, becomes, for the time being, the servant to the borrower, although he remains in the general employment of the lender. The borrower then becomes the employer to the exclusion of the lender.
(Citation omitted).
¶15. “[I]t is reversible error for a trial court to substitute its summary judgment for a jury’s consideration of disputed factual issues if material to the case.” Downs v. Choo, 656 So.2d 84, 86 (Miss. 1995) (citation omitted).[3] Application of the borrowed-servant doctrine “depends upon the question of whose work is being performed, and if the lender is to escape liability, it must appear that the servant is under the borrower’s exclusive control and direction as to the work in progress.” Jones v. James Reeves Contractors Inc., 701 So.2d 774, 778 (Miss. 1997) (quoting Quick Change Oil & Lube, 663 So.2d at 589). Based on a review of relevant case-law and the facts in the present case, I find that the trial court erred in granting summary judgment to Dedeaux and CSI. As a result, I respectfully dissent from the majority’s opinion.
WESTBROOKS, J., JOINS THIS OPINION.

. See Karpinsky v. Amer. Nat’l Ins., 109 So.3d 84, 88 (¶ 10) (Miss. 2013) (discussing the standard of review applied to summary-judgment motions).

. See Karpinsky, 109 So.3d at 88 (¶ 9) (“We review the grant or denial of a motion for summary judgment de novo, viewing the evidence in the light most favorable to the party against whom the motion has been made.” (citation and internal quotation marks omitted)).

. See also Jones v. James Reeves Contractors Inc., 701 So.2d 774, 778 (Miss. 1997) (discussing the borrowed-servant doctrine).