MAXWELL, JUSTICE,
DISSENTING:
¶ 29. I -agree with the bulk of Justice Coleman’s well-stated dissent. Vivians has presented no proof the therapy-pool steps were a dangerous condition. I write separately to voice'my grave concern that the majority’s opinion expands the scope of premises liability-and imposes an almost strict-liability standard on property owners.
¶ 30. The majority finds the potential existence of a dangerous condition enough to establish a triable premises-liability claim — even though Vivians presented no proof Baptist had any knowledge, actual or constructive, that the therapy-pool steps were unreasonably dangerous and in need of repair. Until Vivians' fell, there had been only one incident' on the therapy-pool steps. And that incident1-was three years earlier. In other words, for the three years leading up to Vivians’s fall, there had been zero incidents on the therapy-pool steps. And there was no reason for Baptist to suspect the steps posed an unreasonable danger — i.e., one beyond the unavoidable danger associated with climbing on1 wet pool steps. After Vivians fell, -there were other incidents. But these áfter-the-fact falls are not proof Baptist should have known or did know the therapy-pool steps posed an unreasonable danger on February 8,2008, the day Vivians fell.
¶ 31, Until today’s opinion, the mere potential presence of an unreasonably dangerous condition was not enough to establish a premises-liability claim. The plaintiff also had to present a theory and proof that the property owner was negligent — either because it created the dangerous condition, or it knew or should have known about the condition and failed to repair it or warn about it. E.g, Anderson v. B. H. Acquisition, Inc., 771 So.2d 914, 918 (Miss. 2000) (citing Downs v. Choo, 656 So.2d 84, 86 (Miss. 1995); Munford, Inc. v. Fleming, 597 So.2d 1282, 1284 (Miss. 1992)). Here, Vivians has presented no proof of either. So the claim we are remanding back to the circuit court is more akin to a strict-liability claim than a slip-and-fall claim as previously defined by this Court.
¶ 32. Holding property owners to this new standard where they can be potentially liable for a slip and fall on their premises — even when there is no proof they acted negligently — imposes an unnecessary and unfair burden. on them. For this reason, I strongly dissent. I would affirm the judgments of the trial court and Court of Appeals because Vivians failed to present any proof -Baptist committed a negligent act that led to his injuries.
COLEMAN, J., JOINS THIS OPINION.