# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-01278-COA

**MARSHALL GREEN AND CRYSTAL GREEN, AS NATURAL PARENTS AND NEXT FRIENDS OF L.G., A MINOR**                                       **APPELLANTS**

**v.**

**PRESBYTERIAN CHRISTIAN SCHOOL, INC. A/K/A PRESBYTERIAN CHRISTIAN SCHOOL, JARRETT HOFFPAUIR, JAY ALSTON, AND LEE SMITH**                                       **APPELLEES**

DATE OF JUDGMENT:                    08/23/2023
TRIAL JUDGE:                         HON. PRENTISS GREENE HARRELL
COURT FROM WHICH APPEALED:           LAMAR COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANTS:             JOHN G. HOLADAY
ATTORNEY FOR APPELLEES:              BENJAMIN BLUE MORGAN
NATURE OF THE CASE:                  CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE
DISPOSITION:                         AFFIRMED - 08/05/2025
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., WESTBROOKS AND LASSITTER ST. PÉ, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     This is an appeal from an order granting a motion to dismiss filed by the defendants, Presbyterian Christian School, Jarrett Hoffpauir, Jay Alston, and Lee Smith (collectively, PCS). After the Greens' son, L.G., did not make the school's baseball team, the trial judge granted the motion in favor of PCS for the Green's failure to state a claim under Mississippi Rule of Civil Procedure 12(b)(6). After a de novo review of the record, we affirm the judgment of the circuit court.

## FACTS AND PROCEDURAL HISTORY

¶2. This is simply a case of parental disagreement with a coaching decision. According to the pleadings and briefs of the parties, PCS's baseball team consists of two teams: (1) a team of seventh and eighth graders and (2) a team of ninth through twelfth graders. During the 2019-2020 school year, L.G., who was in the seventh grade, tried out for the seventh- and eighth-grade team but did not qualify. L.G.'s father believed that his son was not selected due to personal animosity between himself and the coach, stemming from a social media post criticizing the baseball tryouts, rather than L.G.'s athletic ability. After his unsuccessful tryout, his parents withdrew him from PCS in December 2019 and enrolled him at Columbia Academy to finish the spring semester. L.G. played baseball at Columbia Academy during his seventh- and eighth-grade years, participating in the spring of 2019 and for the entire 2020-2021 academic year.

¶3. In the fall of the 2021-2022 school year, L.G. re-enrolled at PCS as an eighth grader, where he was retaking all his eighth-grade courses. In the spring of 2022, he made the PCS seventh- and eighth-grade baseball team. However, as the baseball season progressed, L.G.'s father believed L.G. was being treated unfairly and not given opportunities to showcase his talents. As a rising ninth grader in the spring of 2022, L.G. tried out for the ninth- through twelfth-grade baseball team but did not make it. During the 2022-2023 academic year, his parents ultimately withdrew him from PCS and enrolled him in another school.

¶4. On March 10, 2023, the Greens filed a complaint in the Lamar County Circuit Court on behalf of their son, L.G., against the school, Jarrett Hoffpauir, Jay Alston, and Lee Smith for various tortious actions including negligence or gross negligence in hiring and

2

teaching/supervising, intentional infliction of emotional distress (IIED), tortious breach of fiduciary duty, breach of contract and breach of the implied duty of good faith and fair dealing, civil conspiracy, and false light based on the school's failure to place their son on the team.[1] PCS filed a motion to transfer venue to Forrest County and, alternatively, to dismiss for failure to state a claim. In its motion to dismiss, PCS included affidavits from Hoffpauir and Allen Smithers,[2] documents from Sacred Heart High School's "Max Prep Stats," the docket in another civil action against PCS, *Williamson v. PCS*, and two orders in *Williamson v. PCS* dismissing claims.[3] None of these attachments were part of the original complaint.

¶5.     On August 11, 2023, the court held a hearing on the motion. The plaintiff's attorney and the judge had the following exchange:

> [Plaintiff's Attorney]: . . . Did you view this as a Rule 56 motion?
>
> THE COURT: I started off and then I came back, because I know that adequate discovery – you might have fussed at me for not having adequate discovery. And so, therefore, I thought it would be more prudent to just give a 12(b)(6), because I know your first defense if you carried me up would be, "But the discovery's not complete." And also this is one of those cases that

---

[1] PCS is located in Forrest County, but two of the defendants resided in Lamar County.

[2] The information in the affidavits is largely duplicative of the facts in the complaint but includes additional factual information.  For instance, Allen Smithers, the headmaster at PCS, supported the Greens' request to transfer L.G. to play baseball at Columbia Academy in the spring of 2020. After L.G. transferred back to PCS, Smithers again helped assist with the Greens' request to transfer L.G. to Sacred Heart High School to play baseball as a ninth grader.

[3] These exhibits relate to the motion to transfer venue. The court did not base its order on that ground, as the motion was deemed moot.

doesn't need any further.

[Plaintiff's Attorney]: Did Your Honor, though consider the additional –

THE COURT: I did consider it.

[Plaintiff's Attorney]: Okay. The additional materials?

THE COURT: Yes, sir.

The court stated that because discovery had not taken place, it would be "more prudent" to evaluate the motion under Rule 12(b)(6) rather than converting the motion to a Rule 56 motion for summary judgment. *See* M.R.C.P. 12(c). Thus, by granting the motion and ruling on it as a Rule 12(b)(6) matter, the court mooted the motion to transfer venue.

¶6.     Ultimately, the court ruled in favor of PCS, granting the defendants' request for dismissal. On August 23, 2023, the circuit court entered an order granting the Rule 12(b)(6) motion. The court found that the Greens were trying to use a variety of legal causes of action to dispute a coaching decision that is not legally actionable. As a result, the court did not rule on the motion to transfer, which was moot once the court found the Greens failed to state a claim for which relief could be provided under Rule 12(b)(6). In its written order, the court stated:

> [A]lthough the court read and considered the materials attached to the Defendants' Motion, Plaintiffs' response and Defendants' Reply Memorandum, the Court declines to treat this motion as one for Summary Judgment pursuant to Miss. R. Civ. P. 56.

¶7.     The Greens later filed a motion to alter or amend the order under Mississippi Rule of Civil Procedure 59(e), arguing that other significant evidence should have been considered, that the Rule 12(b)(6) motion should have been converted to one for summary judgment, and

4

that the court erroneously failed to rule on the motion to transfer venue. On October 30, 2023, the circuit court denied the motion, stating in that order:

> To restate from its earlier ruling, it appears to the court that the essence or core act upon which the Plaintiff bases his 10 claims against the Defendants are founded on their son either not being selected to play on a PCS baseball team or being cut from a PCS baseball team. Furthermore, and acknowledging we operate under notice pleading, it appears the parents believe that decision was based on personal animus by Coach Hoffpauir against the parents.
>
> In the absence of alleging that a specific law was violated or a contract breached in the process, the court is unaware of any law or authority under which the parents here have a legal claim to proceed against the Defendants because their son did not get selected to play [on] a PCS team or because the son was cut from a PCS team.

The Greens now appeal.

## STANDARD OF REVIEW

¶8. Appellate courts apply a de novo standard of review when considering a circuit court's ruling on a motion to dismiss for failure to state a claim. *Dobbs v. City of Columbus*, 285 So. 3d 1219, 1222 (¶7) (Miss. Ct. App. 2019) (citing *Scaggs v. GPCH-GP Inc.*, 931 So. 2d 1274, 1275 (¶6) (Miss. 2006)). We review a ruling on a motion for summary judgment de novo as well. *Smith v. Franklin Custodian Funds Inc.*, 726 So. 2d 144, 146 (¶6) (Miss. 1998) (citing *Moore ex rel. Benton Cnty. v. Renick*, 626 So. 2d 148, 151 (Miss. 1993)). De novo review requires that we use "the same standard applied by the trial court" and "examine all evidence in the record in a light most favorable to the nonmoving party." *Id.* (citing *Smith v. Sanders*, 485 So. 2d 1051, 1054 (Miss. 1986)).

## DISCUSSION

¶9. On appeal, the Greens contend that the circuit court erred by (1) granting PCS's Rule

12(b)(6) motion for failure to state a claim, (2) not granting PCS's motion to transfer venue, and (3) denying the Greens' Rule 59(e) motion to alter or remand.

**I.     The circuit court correctly granted PCS's Rule 12(b)(6) motion for failure to state a claim.**

¶10.    Appellate review of a Rule 12(b)(6) motion to dismiss is limited to the face of the pleadings. *White v. Jernigan*, 346 So. 3d 887, 895 (¶14) (Miss. 2022). Further, Mississippi Rule of Civil Procedure 12(c) states:

> If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. . . .

In a motion for summary judgment, the moving party "has the burden of persuading the court that there are no genuine issues of material fact." *Burns v. BancorpSouth Bank*, 382 So. 3d 1164, 1169 (¶13) (Miss. Ct. App. 2023) (citing *Downs v. Choo*, 656 So. 2d 84, 85 (Miss. 1995)). "If there is a doubt as to whether there exists a genuine issue of material fact, the non-movant receives the benefit of that doubt." *Id.* (citing *Mantachie Nat. Gas Dist. v. Miss. Valley Gas Co.*, 594 So. 2d 1170, 1172 (Miss. 1992)).

¶11.    The Greens contend that the court erred when it dismissed their claims pursuant to Rule 12(b) instead of considering the ruling under Rule 56 because the court considered materials outside the pleadings. "There is a vast difference between the pleading burden necessary to survive a Rule 12(b)(6) motion to dismiss and the evidentiary requirements necessary to survive a motion for summary judgment under Mississippi Rule of Civil

6

Procedure 56." *Jernigan*, 346 So. 3d at 897 (¶15). Accordingly, if a trial court considers matters outside the pleadings when evaluating a motion to dismiss, the court is required to convert the motion under Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *State v. Bayer Corp.*, 32 So. 3d 496, 503-04 (¶25) (Miss. 2010).

¶12.    "[A] defendant may introduce certain pertinent documents if the plaintiff failed to do so." *Breeden v. Buchanan*, 164 So. 3d 1057, 1068 (¶52) (Miss. Ct. App. 2015) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (*distinguished on other grounds by Turner v. Turner*, 385 So. 3d 827 (Miss. Ct. App. 2024)). Documents attached to a defendant's motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and central to their claim. *Id.*; *see Trigg v. Farese*, 266 So. 3d 611, 619 (¶14) (Miss. 2018). In *Trigg*, our supreme court held that failing to convert a motion to dismiss is harmless if the dismissal can be justified under Rule 12(b)(6) without consideration of the matters outside the pleadings. *Trigg*, 266 So. 3d at 619 (¶14). In that case, Dalton Trigg filed a legal malpractice action against his attorney after pleading guilty to a felony DUI upon his attorney's alleged advice that he would receive no jail time if he pled guilty, which was incorrect. *Id.* at 616 (¶5). The defendant filed a motion to dismiss or, in the alternative, for summary judgment, arguing the plaintiffs (Trigg and his father) lacked standing. *Id.* at 617 (¶8). Trigg argued that the circuit court was required to convert a motion to dismiss into a motion for summary judgment because the court "considered" two affidavits not included in the pleadings when granting the defendant's motion to dismiss. *Id.* at 618 (¶¶11-13). Our supreme court found that "considered" "must

mean more than simply reviewed or contemplated—for there to be any error in considering [the] affidavits, the circuit court's judgment must depend on those affidavits." *Id.* at 619 (¶14) (emphasis added). Therefore, our supreme court held that the circuit court was not obligated to convert the motion when the affidavit had nothing to do with the court's decision. *Id.* at (¶15). Moreover, our supreme court stated that "any error in failing to convert the motion is harmless if the dismissal can be justified under [Rule] 12(b)(6) standards without consideration of the matters outside the pleadings." *Id.* at 619 (¶14) (quotation marks omitted).

¶13.     In the case sub judice, PCS argues that the circuit court focused on the Greens' complaint without any reliance on the additional materials submitted outside of the pleading. Further, PCS explains that the circuit court was correct in finding that the Greens' tort claims were an attempt to get the court to conduct a judicial review of a discretionary coaching decision.

¶14.     The circuit court made no reversible error by not converting the Rule12(b)(6) motion into a Rule 56 summary judgment motion. Like in *Trigg* where the court stated it considered the additional affidavits but did not use them to determine its decision, the circuit court did the same thing here. During the hearing, the judge stated:

> I am not going to make a hard rule on this. I'm not going to allow a floodgate to allow every parent to file a lawsuit against a junior high and high school and its coaches who believe their child did not get . . . selected or was cut because for whatever reasons[.] . . . I have to believe that a high school ball coach has to have a lot of discretion.

¶15.     Both in the hearing and in its order, the circuit judge acknowledged the affidavits—

sworn testimony—and documents[4] attached were not part of the court's overall evaluation of the motion. In both instances, the judge's consideration mirrors the court's evaluation in *Trigg*, where our supreme court found "consider" was used to mean reviewed or contemplated. *Trigg*, 266 So. 3d at 618 (¶¶11-13). Although the court, during the hearing, the circuit court admitted to considering the additional materials, the court stated in its order that there were no actionable legal claims presented in the complaint. We find no error because the court did not depend on the information in the affidavits and other materials in its decision on the motion to dismiss. Hence, the dismissal of the complaint was justified under Rule 12(b)(6) based solely on the pleadings and not on the additional materials, as the Greens did not present a claim on which relief could be granted.

¶16. As mentioned above, this case involves a parental disagreement with a coaching decision. The court did not use the affidavits to reach the ruling and we do not affirm it as a summary judgment ruling. To conclude, we find the court did not err in ruling on the motion as a Rule 12(b)(6) matter instead of converting the motion into one for summary judgment.

## II. The circuit court properly did not rule on PCS's motion to transfer venue.

¶17. Because we affirm the court's Rule 12(b)(6) dismissal, the motion to transfer is moot, as no viable claim for which relief can be granted remains.

---

[4] The documents included the Sacred Heart High School's Max Prep Stats, the *Williamson v. PCS* docket, and two orders from *Williamson v. PCS* that dismissed claims. These documents were used to evaluate the motion to transfer; however, as previously mentioned, the court did not take the motion into consideration.

### III. The circuit court correctly denied Green's Rule 59(e) motion to alter or amend the judgment.

¶18. The Greens contend that the court erred by denying their motion to amend or alter the previous ruling. *See* M.R.C.P. 59(e). The Greens contend that they offered additional significant evidence attached to the motion, but their argument does not purport what the evidence was, which we listed in footnote 4. PCS argues that the court properly rejected all the Greens' arguments because (1) there was no change in law, (2) there was no error of law or manifest in justice, and (3) the new information (emails and recording) does not appear to have been unavailable before the order of dismissal, nor was the motion filed within ten days of the order. *See Turner*, 385 So. 3d at 831 (¶¶9-10).

¶19. "In order to succeed on a Rule 59(e) motion, the movant must show: (i) an intervening change in controlling law, (ii) availability of new evidence not previously available, or (iii) need to correct a clear error of law or to prevent manifest injustice." *Aaron v. Aaron*, 147 So. 3d 370, 373 (¶9) (Miss. Ct. App. 2014). Based on our previous discussion, we arrive at the same conclusion. We find no reversible error.

### CONCLUSION

¶20. For the reasons stated above, the circuit court did not err in treating the motion as one presented under Rule 12(b)(6) rather than converting the motion into a Rule 56 motion for summary judgment. Therefore, we affirm the ruling of the circuit court.

¶21. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., McDONALD, LAWRENCE, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. EMFINGER, J.,**

10

**CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. McCARTY, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.**