RANDOLPH, Justice, for the Court:
¶ 1. Town Creek Water Management District of Lee, Pontotoc, Prentiss, and Union Counties (“Town Creek”) appeals a decision of the Lee County Chancery Court awarding compensatory and punitive damages, attorney fees, and prejudgment interest to the Webbs for Town Creek’s wrongful taking of the Webbs’ property. The case was before the trial court on remand from this Court’s reversal of an earlier grant of summary judgment for Town Creek, with this Court’s instruction to conduct a trial on all issues. See Webb v. Town Creek Master Water Mgmt. Dist. of Lee, Pontotoc, Prentiss and Union Counties, 903 So.2d 701, 703-04 (Miss.2005) (“Town Creek I ”). We find that the trial court erred by limiting the trial to damages alone, rather than holding a trial on all issues. Accordingly, we reverse the trial court’s judgment and remand to the Lee County Chancery Court for a trial on all issues.
FACTS AND PROCEDURAL HISTORY
¶ 2. In the earlier appeal, this Court explained the underlying facts as follows:
The Webbs own three tracts of land, A, B, and C in Saltillo, Lee County, Mississippi:
Tract A is owned by Dan and Rachael Webb as joint tenants with rights of survivorship. It contains approximately 28.92 acres and is the residence of Dan and Rachael.
Tract B consists of 42.84 acres and lies east of Tract A. When cause No. 46077 was filed, Tract B was owned by Dan and Rachael Webb subject to a life estate in Denton and Ruby Webb, whose residence was on Tract B. Denton is now deceased.
Tract C consists of 40 acres and lies east of Tract B. This tract was also owned by Dan and Rachael, with Denton and Ruby holding a life estate in the property.
... On October 1, 1992, Town Creek, in conjunction with the Soil Conservation Service, “SCS,” appraised a tract of land located in Saltillo, Lee County, Mississippi, in preparation of obtaining a permanent easement for the construction of Dam No. 48. This appraisal shows the description of Tract A. The appraisal gave the land a before “take” value of $5,173.00 and an after “take” value of *22 $2,618.00, with the difference being $2,555.
... On August 17, 1993, Town Creek filed its petition for approval of the October 1, 1992, appraisal, naming only Dan and Rachael as defendants. The petition described Tract B and did not correlate with the property described in Town Creek’s appraisal, which described Tract A. To date there has not been a hearing on the petition to approve the appraisal. Also, on August 17, 1993, Town Creek obtained an interlocutory decree allowing the taking of the property-
.... After the petition and decree were granted, but before construction on the dam began, Denton and Ruby planted pine trees on the property that was subject to the easement. The Webbs’ complaint against Town Creek was filed on September 22,1995.
Town Creek I, 903 So.2d at 704-05. We set forth the procedural history up to the time of our decision in the prior appeal, as follows:
... This appeal arises from two consolidated cases in the Chancery Court of Lee County, an easement condemnation action by a water district and the landowners’ action against the district for damages and other relief.

Cause No. 46077 filed on August 17, 1993

... This controversy originated in the Chancery Court of Lee County, wherein Town Creek Master Water Management District (Town Creek) filed a petition for approval of appraisement of damages of easement, naming as respondents Dan Webb and his wife Rachael Webb. This petition sought to acquire a permanent easement on which to construct a water retarding structure (Dam No. 48). Dan and Rachael owned a remainder interest in the property, with Denton Webb and Ruby Webb owning a life estate in the property on which the proposed dam was to be located. Denton and Ruby were not made parties to the petition. ... On the same day that Town Creek filed its petition, August 17, 1993, the chancery court entered an interlocutory decree allowing the taking of the property and directing that a hearing for the approval of the appraisal be set down on a date to be set by the Chancellor. The Webbs were neither served with the petition nor the interlocutory decree. Now it is eleven and a half years later, and there has been no hearing for the approval of the appraisal.
... On August 27,1993, Dan and Rachael moved to set aside the interlocutory decree contesting personal jurisdiction because no summons was issued for either of them (nor have they ever been served) and asserting that Town Creek lacked authority for a quick take and that they were deprived of their procedural due process rights guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution.[1] There was never a hearing on this motion.

Cause No. 95-1100 filed on September 22,1995

... On September 22, 1995, after construction of the dam had begun, Dan and Rachael (the named respondents in Town Creek’s petition), and Denton and *23 Ruby Webb, filed a complaint in the Chancery Court of Lee County against Town Creek seeking damages for the destruction of their property. The complaint was amended on October 17,1995, and on August 20 and 23, 1996. In the amended complaints the Webbs repeated their prior allegations, and in addition, the Webbs sued the commissioners of Town Creek in their official capacities and alleged that the dam had been completed. The Webbs sued for actual, consequential, punitive damages, attorney’s fees, and for cancellation of the easement and destruction of the dam. Town Creek answered the original and amended complaints admitting the taking and stating that the only relief to which the Webbs were entitled was just compensation for the property taken.
... Ultimately, the matter was set for trial on September 14, 1998, but Town Creek moved for a continuance after having filed a notification of a relevant pending case on August 6, 1998. Further proceedings were delayed because Branaman v. Long Beach Water Management District, 730 So.2d 1146 (Miss.1999), was pending in this Court.

Consolidation of Cause No. 46077 and Cause No. 95-1100

... On October 13, 2000 (almost seven years after the original petition), Town Creek moved to add additional defendants (the Estate of Denton Webb and his widow Ruby Webb) in Cause No. 46077, and moved for the consolidation of the two causes. The chancellor granted the motion to consolidate.
... Cross-motions for summary judgment were filed and the court granted Town Creek’s motion for summary judgment dismissing the Webbs’ claims on September 29, 2003, and certified that judgment as final under M.R.C.P. 54(b). This appeal followed.
Town Creek I, 903 So.2d at 703-04.
¶ 3. On appeal from the trial court’s grant of summary judgment, this Court held that: (1) “[t]he trial court erred in holding that no notice [of the taking of their land] was required to the Webbs[;]” and (2) “the Webbs’ due process rights were violated by the taking of their property without notice and without a pre-deprivation hearing.” Id. at 707, 709. We found that “the Webbs [we]re entitled to pursue their claims, subject to the requisite applicability, proof and damages, as to be determined by the trial court on remand.” Id. at 709. We further held that “[t]he amount of compensation to be awarded the Webbs is a matter that has yet to be tried in the trial court and as such, the issue should be decided on remand.” Id. We remanded the case “for a trial on all issues. ...” Id. at 710 (emphasis added).
¶ 4. Trial began on October 20, 2008. At the beginning of the proceedings, the trial judge stated that:
there has been no taking of the property at this particular time. That being the case, the appropriate matter for this Court to hear would be a value of the property as of the present time. Further, the Court finds that upon remand, the Court is to consider the violation of the constitutional rights of the ... Webbs. And, accordingly, we would move at this time to a hearing on the issue of damages only under 42 U.S.C. 1983.
¶ 5. On July 29, 2009, the trial court entered a final judgment awarding the Webbs compensatory and punitive damages, attorney fees, and prejudgment interest.
*24 ¶ 6. Town Creek filed a motion for a new trial or reconsideration on July 30, 2009, and an amended version of the motion on August 10, 2009. The trial court found the motions without merit, except to allow a hearing on punitive damages, which the trial court held on April 9, 2010. On June 2, 2010, the trial court entered an “Opinion as to Punitive Damages” awarding the Webbs $127,500. The order provided that the trial court was “cognizant of the authority to award statutory damages for the removal or destruction of [trees] pursuant to Section 95-5-10 of the Mississippi Code. That notwithstanding, the Court [found] that the award here for punitive damages [was] sufficient and no further penalty should be imposed.” Town Creek timely filed this appeal, and the Webbs cross-appealed.
ISSUES
¶ 7. The following issues were presented to this Court for consideration:
1. Whether Town Creek preserved its claims of error on appeal.
2. Whether the trial court committed reversible error by holding a hearing on the issue of damages only, after this Court remanded for a trial on all issues.
3. Whether the trial court committed reversible error by awarding attorney fees under 42 U.S.C. Sections 1983 and 1988 without addressing all necessary elements for a Section 1983 claim.
4. Whether the trial court committed reversible error by awarding punitive damages.
5. Whether the trial court committed reversible error by awarding prejudgment interest.
6. Whether the trial court committed reversible error by improperly calculating due compensation.
7. Whether the trial -court committed reversible error by failing to award the Webbs compensatory damages for Town Creek’s destruction of pine trees on their property.
¶ 8. Finding the second issue dispositive, we decline to address the remaining issues.
DISCUSSION
I. Standard of review
¶ 9. As we provided in the prior appeal in this case, the standard of review of a trial court’s grant of summary judgment is de novo. See Town Creek I, 903 So.2d at 705. Regardless of whether we view the chancellor’s finding that the Webbs were entitled to damages because their due-process rights were violated as the equivalent of a summary judgment regarding Town Creek’s liability or as a directed verdict as to liability, our standard of review is the same: de novo. See Miss. State Fed’n of Colored Women’s Club Housing for Elderly in Clinton, Inc. v. L.R., 62 So.3d 351, 359 (Miss.2010) (citation omitted) (“[t]he standard of review for a directed verdict ... is de novo.”).
II. The trial court erred by limiting the trial to the issue of damages alone.
¶ 10. The trial court erred by limiting its consideration to the issue of damages after this Court had remanded the case “for a trial on all issues.” Town Creek I, 903 So.2d at 710. We have provided that:
The mandate issued by an appellate court is binding on the trial court on remand.... [T]he trial court has been found to be in error where, on remand, it has refused to follow this Court’s opinion and directions.
Dunn v. Dunn, 695 So.2d 1152,1155 (Miss.1997) (citations omitted). In the prior appeal, we found that the trial court had *25 erred in granting summary judgment, because the Webbs’ due-process rights were violated by Town Creek’s failure to provide notice before exercising dominion and control over their property. Town Creek I, 903 So.2d at 709. We further found that “the Webbs [we]re entitled to pursue their claims, subject to the requisite applicability, proof and damages, as to be determined by the trial court on remand.” Town Creek I, 903 So.2d at 709. Thus, we clearly directed the trial court to hold a “trial on all issues” on remand. Id. at 710.
¶ 11. The trial court, however, did not hold a trial on all issues on remand. At the beginning of the trial on remand, the chancellor declared that he would consider the issue of damages only. Addressing “all issues” on remand requires more than merely measuring damages-it requires addressing all claims properly pleaded, and whether the Webbs sufficiently proved all elements necessary to prevail on the claims as framed in their Third Amended Complaint. Those claims included conversion, trespass, and continuing permanent trespass. All are recognizable under the common law as intentional interference with property. See W. Page Keeton et al., Prosser and Keeton on Torts 67-106 (5th ed.1971). Of course, Town Creek could offer all available defenses to intentional interference with property that it properly pleaded. The Webbs made an additional state-law claim under Mississippi Code Section 95-5-10 for Town Creek’s destruction of pine seedlings on the property. Finally, the Webbs pleaded deprivation of due process under the United States and Mississippi Constitutions. Thus, they made state-law claims of abuse of process and a mixed federal constitutional and statutory claim, i.e. a Section 1983 claim. 42 U.S.C.A. § 1983.
¶ 12. Our decision in the prior appeal recognized: (1) that the Webbs possessed constitutional rights to due process under both the federal and state Constitutions and our laws and (2) that there was a deprivation of their due-process rights “by the taking of their property without notice and without a pre-deprivation hearing.” Town Creek I, 903 So.2d at 706, 709. We provided that “the Webbs are entitled to pursue their claims, subject to the requisite applicability, proof and damages, as to be determined by the trial court on remand.” Id. Our decision did not establish that the Webbs had proven a right to recover under any of their claims, Section 1983 or otherwise, but that they were entitled to an opportunity to prove the elements of one or all of their claims and resulting damages on remand. Our disposition — remanding for a trial on all issues — was an instruction to the trial court to consider their claims and, if they met their burden of proof, to what damages they are entitled, if any. Violation of due process does not ipso facto entitle one to damages.[2] Furthermore, a Section 1983 claim was only one of many claims in the Third Amended Complaint. Failure to *26 prevail on a Section 1983 claim does not foreclose success on the remaining claims, if the proof adduced at trial satisfies their requirements. We find that the trial court erred by failing to comply with this Court’s instruction to hold a trial on all issues and limiting the proceedings to a calculation of damages and consideration of only the Section 1983 claim. Accordingly, we again remand to the trial court for a new trial on all issues.
CONCLUSION
¶ 13. The chancellor erred by limiting the trial to damages on one claim. We reverse the decision of the Lee County Chancery Court and remand for a trial on all issues.
¶ 14. ON DIRECT APPEAL: REVERSED AND REMANDED. ON CROSS-APPEAL: REVERSED AND REMANDED.
WALLER, C.J., CARLSON AND DICKINSON, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR.

. The relevant sentence fully reads: "The action of Town Creek ... deprived the [Webbs] of their constitutional rights including but not limited to their right of procedural due process guaranteed by the United States Constitution and more specifically through rights pursuant to the 5th and 14th amendments and the Constitution of the State of Mississippi.”

. To establish a Section 1983 claim, "the plaintiff has the burden of showing by adequate evidence seven elements.” Harris v. Miss. Valley State Univ., 873 So.2d 970, 983 (Miss.2004) (citations omitted).
The plaintiff must show: (i) There was a clear and constitutional right in the plaintiff. (2) There was a deprivation of that clear right, privilege or immunity secured to the plaintiff by the U.S. Constitution. (3) The defendants acted under color of State law. (4) There exists a direct [causal] connection without intervening factors between the deprivation and some injury to the plaintiff. (5) The act or omission by the defendant was intentional or at least deliberately indifferent to the Constitutional or Federal law rights of the plaintiff. (6) The plaintiff suffered actual injury and (7) Damages as a proximate result of the injury.

Id.