# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-IA-00723-SCT

*BYRAM CAFÉ GROUP, LLC*

*v.*

*EDDIE TUCKER AND TERESA TUCKER*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/08/2021 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| TRIAL COURT ATTORNEYS: | MATTHEW RYAN ANTHONY |
| | JASON HOOD STRONG |
| | THOMAS RAY JULIAN |
| | CHARLES BARON IRVIN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JASON HOOD STRONG |
| | THOMAS RAY JULIAN |
| ATTORNEY FOR APPELLEES: | CHARLES BARON IRVIN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND RENDERED - 08/11/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KING, P.J., COLEMAN AND BEAM, JJ.**

**BEAM, JUSTICE, FOR THE COURT:**

¶1.     This interlocutory appeal arises from a denial by the Circuit Court of the First Judicial District of Hinds County of a summary-judgment motion. Byram Café Group, LLC (BCG), moved for summary judgment against Eddie and Teresa Tucker in a premises-liability action arising from Eddie's slip-and-fall accident. BCG sought judgment as a matter of law based on a lack of evidence supporting any of the elements of a slip-and-fall case. In response, the Tuckers argued that genuine issues of material fact existed as to dangerous conditions that

may have caused Eddie's fall. The circuit court denied BCG's summary-judgment motion, ruling that genuine issues of material fact were present. BCG sought interlocutory appeal of the circuit court's denial of summary judgment, and this Court granted.

¶2.     The issue before this Court is whether the Tuckers can survive a motion for summary judgment without producing evidence that a dangerous condition existed, that BCG caused the hypothetical dangerous condition, and that BCG knew or should have known about the dangerous condition. As a matter of law, we find that the circuit court erred by denying BCG's motion for summary judgment; we reverse and render the circuit court's order.

### FACTS AND PROCEDURAL HISTORY

¶3.     The pertinent facts and procedural history are not disputed. The Tuckers visited Newk's Restaurant in Byram, Mississippi, on May 25, 2018. While dining, Eddie visited the drink machine to refill his drink, and upon returning to his seat, he slipped and fell.

¶4.     On April 5, 2019, the Tuckers filed a premises-liability claim against BCG, alleging Eddie slipped and fell due to BCG's negligence. The Tuckers conceded in their depositions taken on October 10, 2019, that no evidence was presented that a dangerous condition existed or that BCG caused a dangerous condition. No evidence shows that BCG knew or should have known about a dangerous condition that may have caused Eddie's fall.

¶5.     On January 6, 2020, BCG sought summary judgment, arguing that because the Tuckers failed to provide evidence that a dangerous condition existed, that BCG caused a dangerous condition, or that BCG knew or should have known of a dangerous condition, it is entitled to judgment as a matter of law.

2

¶6. On February 10, 2020, the Tuckers responded to BCG's motion by advancing theoretical arguments to explain the cause of Eddie's fall. The Tuckers argued that genuine issues of material fact remained as to whether BCG had notice of theoretical dangerous conditions caused by BCG's alleged improper maintenance and cleaning of food and drink spills in high-traffic areas of the restaurant. The Tuckers also provided an unsworn report from Benjamin Ross, a purported safety and health consultant, who speculated regarding the cause of Eddie's fall.

¶7. The Tuckers asserted that jury issues remained regarding BCG's failure to provide evidence of its inspection procedures and that circumstantial evidence from surveillance footage created a presumption that BCG's employees were carrying tubs of dishes and liquids across the floor at the time Eddie fell.

¶8. Following the motion hearing, the circuit court entered an order on June 8, 2021, denying BCG's motion for summary judgment. The circuit court did not address the lack of evidence in the record necessary to establish a slip-and-fall case, nor did the court specify which issues required a jury determination.

¶9. On June 29, 2021, BCG filed a timely interlocutory appeal, seeking this Court's review of the circuit court's denial of its summary-judgment motion. This Court granted interlocutory appeal. The question before this Court is whether the circuit court erred by finding genuine issues of material fact and by denying summary judgment.

## STANDARD OF REVIEW

¶10.    "The grant or denial of a summary[-]judgment motion is reviewed *de novo*" on appeal. ***Stribling Inv., LLC v. Mike Rozier Constr. Co.***, 189 So. 3d 1216, 1219 (Miss. 2016) (citing ***Town Creek Master Water Mgmt. Dist. v. Webb***, 93 So. 3d 20, 24 (Miss. 2012)).  Summary judgment is proper when "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law[.]" Miss. R. Civ. P. 56(c). "While the evidence is viewed in the light most favorable to the nonmoving party, there must be a material fact issue to preclude summary judgment." ***Peak v. Cohee***, 294 So. 3d 604, 607 (Miss. 2020) (citing ***Leffler v. Sharp***, 891 So. 2d 152, 156 (Miss. 2004)).

¶11.    The nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but in his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, will be entered against him." Miss. R. Civ. P. 56(e). "Summary judgment is mandated where the nonmoving party fails to show evidence sufficient to establish the existence of an essential element to his case." ***Ala. Great S. R.R. Co. v. Jobes***, 156 So. 3d 871, 879 (Miss. 2015) (emphasis omitted) (internal quotation mark omitted) (quoting ***Sligh v. First Nat'l Bank of Holmes Cnty.***, 735 So. 2d 963, 965-66 (Miss. 1999)).

## DISCUSSION

**I.      Whether the circuit court erred by denying BCG's summary-judgment motion.**

4

¶12.    The Tuckers assert that BCG breached its duty of reasonable care when Eddie slipped and fell. The Tuckers further contend that circumstantial evidence alone is sufficient to create a question of material fact for the jury regarding BCG's alleged negligence. However, the Tuckers contradict the record and Mississippi law by failing to advance evidence that BCG had actual or constructive notice of a dangerous condition in reasonable time to fulfill its legal duty.

> To recover in a slip-and-fall case under Mississippi law, the plaintiff must:
>
> (1) show that some negligent act of the defendant caused his injury; or (2) show that the defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff; or (3) show that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant, in that the defendant should have known of the dangerous condition. (*See Moore v. Winn-Dixie Stores, Inc.*, 173 So. 2d 603 (Miss. 1965); *Munford, Inc. v. Fleming*, 597 So. 2d 1282 (Miss. 1992).

*Downs v. Choo*, 656 So. 2d 84, 86 (Miss. 1995)

¶13.    In moving for summary judgment, and because BCG does not carry the burden of proof at trial, BCG carries the initial burden of persuading the circuit judge that no issue of material fact exists and that it is entitled to summary judgment. *Palmer v. Biloxi Reg'l Med. Ctr., Inc.*, 564 So. 2d 1346, 1355 (Miss. 1990)). Here, BCG pointed to the undisputed record and showed that a lack of evidence supports the Tuckers' assertion that a dangerous condition existed.

¶14.    BCG presented excerpts of the Tuckers' depositions to support its motion. Eddie testified that he neither saw nor felt any substance on the floor when he fell. Eddie admitted that he had no evidence or knowledge that BCG created a dangerous condition or that BCG

5

had notice of any dangerous condition that could have caused his fall. Teresa testified that she had turned away from Eddie when he fell, that she did not see what caused his fall, and that she had no evidence connecting BCG to the cause of Eddie's fall. BCG argues that the Tuckers cannot show that a dangerous condition existed or that BCG had notice giving reasonable time to remedy any dangerous conditions; therefore, it is entitled to summary judgment.

¶15. In response, the Tuckers must produce evidence to establish the elements of a slip-and-fall case, as they would carry the burden of proof at trial. *Buckel v. Chaney*, 47 So. 3d 148, 153 (Miss. 2010) (citing *Watson Quality Ford, Inc. v. Casanova*, 999 So. 2d 830, 832 (Miss. 2008)). The Tuckers advanced speculative arguments to explain Eddie's fall and asserted that BCG's failure to produce inspection procedures created genuine issues of material fact for a jury.

¶16. The Tuckers argue that BCG knew of "several possibilities of hazardous conditions" and breached its duty of reasonable care by not having inspection procedures; they maintain that "circumstantial evidence alone may authorize a finding of negligence." Contrary to the Tuckers' assertions, we have held regarding circumstantial evidence in such a case that a proprietor's negligence or knowledge may be inferred when evidence of a dangerous condition is first established. *Miss. Winn-Dixie Supermarkets v. Hughes*, 156 So. 2d 734, 736 (1963). BCG's negligence cannot be inferred without first establishing the existence of a dangerous condition.

¶17. Assuming, *arguendo*, that a dangerous condition did exist, the inference of a defendant's negligence as the proximate cause of a plaintiff's injuries may not be drawn if the record indicates that the cause could have just as likely occurred from causes other than the defendant's negligence. ***Miss. Valley Gas Co. v. Est. of Walker***, 725 So. 2d 139, 145-46 (Miss. 1998), *abrogated on other grounds by **Adams v. U.S. Homecrafters, Inc.***, 744 So. 2d 736 (Miss. 1999).

¶18. The Tuckers contend that dangerous conditions could have been created by an employee transporting dishes from the dining area to the kitchen, by invitees using the drink machine, or by invitees washing their hands in the bathroom. We find that the evidentiary record and the Tuckers' deposition testimonies do not support these speculative explanations.

¶19. The Tuckers' argument that jury issues remain for BCG's failure to produce evidence of inspection procedures is unsubstantiated. We have held that inspection procedures are irrelevant without establishing that a dangerous condition existed long enough before the accident to put BCG on notice. ***Jones v. Imperial Palace of Miss., LLC***, 147 So. 3d 318, 322 (Miss. 2014). Eddie admitted that a substance could have been spilled just before his fall, which would not have provided reasonable notice to BCG. This Court finds that the undisputed record presents no evidence suggesting inspection procedures would have prevented Eddie's fall.

¶20. The Tuckers' assertion that jury issues exist because BCG failed to inspect the premises is without merit. We have held that "there is no liability for injuries caused by conditions which are not dangerous or which are, or should be, known or obvious to the

7

business invitee." ***Peak***, 294 So. 3d at 608 (internal quotation mark omitted) (quoting ***Jackson Ready-Mix Concrete v. Sexton***, 235 So. 2d 267, 270 (Miss. 1970)). "Proof merely of the occurrence of a fall on a floor within business premises is insufficient to show negligence on the part of the proprietor." ***Sears, Roebuck & Co. v. Tisdale***, 185 So. 2d 916, 917 (Miss. 1966). Absent evidence of a dangerous condition, that BCG created an alleged dangerous condition, or that BCG had notice of the alleged condition, the Tuckers failed to establish the essential elements of their slip-and-fall claim.

¶21. The Tuckers produced an unsworn affidavit from Benjamin Ross that does not advance specific facts. This Court has held that "conclusory, self-serving affidavits," ***Sweet v. TCI MS, Inc.***, 47 So. 3d 89, 93 (Miss. 2010) (citing ***Dalton v. Cellular S., Inc.***, 20 So. 3d 1227, 1234 (Miss. 2009), are not a "sufficient basis for granting summary judgment." ***Id.*** (citing ***Dalton***, 20 So. 3d at 1233-34). Because the unsworn affidavit contains only Ross's personal opinion, we conclude it is insufficient to carry the Tuckers' burden for failure to comply with the evidentiary standards of Rule 56(e).

¶22. The record and the Tuckers' deposition testimonies do not support that BCG's negligence caused Eddie's fall or that BCG created a dangerous condition creating an opportunity for him to fall. For the reasons discussed above, we find that the Tuckers have not met their burden of production to survive BCG's motion for summary judgment.

## CONCLUSION

¶23. In sum, we find that the circuit court erred as a matter of law by denying BCG's motion for summary judgment. BCG met its summary-judgment burden by pointing to the

8

record and showing that the Tuckers failed to produce evidence of any elements of a slip-and-fall case as required under Mississippi law. Therefore, the judgment of the Hinds County Circuit Court is reversed and rendered.

¶24.   **REVERSED AND RENDERED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**